J-S25020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHALLAN GALLEHER | |
| Appellant | No. 365 MDA 2013 |

Appeal from the Order Entered May 10, 2013
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000295-2006

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 28, 2014**

Appellant, Challan Galleher, appeals from the May 10, 2013 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  Counsel has filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). We affirm the PCRA court's order and grant counsel's petition to withdraw.

The record reveals that Appellant appeared at an October 16, 2006 hearing and pled guilty to involuntary deviate sexual intercourse with a child and involuntary deviate sexual intercourse with a person less than 16 years

of age.[1]  Pursuant to the parties' plea agreement, the trial court imposed a sentence of 13 to 45 years of incarceration at a January 15, 2007 sentencing hearing.  Also pursuant to the parties' plea agreement, the Commonwealth dismissed numerous other charges and did not seek to have Appellant declared a sexually violent predator.  This Court affirmed the judgment of sentence on November 2, 2007.  Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On May 15, 2009, Appellant filed a *pro se* petition for a writ of *habeas corpus*.  The PCRA court treated that filing as a first PCRA petition, and on August 31, 2010 the court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  The PCRA court dismissed the petition on September 8, 2010 without ever having appointed counsel, and Appellant filed a timely *pro se* appeal.  In an unpublished memorandum filed August 11, 2011, this court vacated and remanded for appointment of counsel.  The PCRA court appointed counsel on March 19, 2012.  On January 29, 2013, the trial court once again entered notice of its intent to dismiss Appellant's petition without a hearing.  The PCRA court dismissed Appellant's petition on May 10, 2013.  This timely appeal followed.[2]

---

[1]  18 Pa.C.S.A. § 3123(a)(7) and (b).

[2]  Counsel and Appellant filed separate notices of appeal from the PCRA court's January 29, 2013 order, docketed at 365 and 366 MDA 2013.  By *per curiam* order of August 14, 2013, we dismissed the appeal at 366 MDA 2013 *(Footnote Continued Next Page)*

Procedure under **Turner**/**Finley** entails the following:

Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner**/**Finley** and] . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). Instantly, counsel's no merit letter and petition to withdraw meet the foregoing requirements.

We begin our own review with an analysis of the timeliness of Appellant's petition. The PCRA's jurisdictional timeliness provision requires a petitioner to file a PCRA petition within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This Court

*(Footnote Continued)* ───────────────

as duplicative. We further noted that the trial court's May 10, 2013 order dismissing Appellant's petition perfected this appeal. In this memorandum, we treat counsel's premature notice of appeal as an appeal from the May 10, 2013 order.

affirmed Appellant's judgment of sentence on November 2, 2007. Because Appellant did not seek allowance of appeal to our Supreme Court, his judgment of sentence became final thirty days later, on December 3, 2007. *See* Pa.R.A.P. 1113(a) (requiring an appellant to seek allowance of appeal to the Supreme Court within 30 days of this Court's order). Accordingly, Appellant had until December 3, 2008 to file a timely PCRA petition.

Appellant's May 15, 2009 filing is therefore facially untimely. A petitioner can avoid the time bar if he or she pleads and proves the applicability of one of three timeliness exceptions set forth in § 9545(b)(1)(i-iii). Since Appellant has not attempted to plead or prove the applicability of any of the three timeliness exceptions,[3] the PCRA court was without

_____

[3] Appellant asserts in his *pro se* brief that he filed a PCRA petition on December 21, 2007, but he concedes that document does not appear in the certified record. Appellant's *pro se* Brief at 21-22. Appellant also asserts that a time-stamped copy of his December 21, 2007 PCRA petition is attached to a copy of his "pending motion to supplement the record." *Id.* at 22. That pending motion also does not appear anywhere in the certified record. The only mention of it is in this Court's February 28, 2014 *per curiam* order denying Appellant's motion to compel this Court to docket his motion to supplement the record. Since the certified record contains no evidence that Appellant filed, or attempted to file, a timely PCRA petition, Appellant cannot avoid the jurisdictional time bar.

Appellant requested permission to proceed *pro se* in an application for relief filed November 26, 2013. In an order filed December 4, 2013, this Court deferred decision on that application to this memorandum, advising Appellant that when counsel proceeds under *Turner*/*Finley*, this Court will decide whether to accept counsel's petition and permit the petitioner to proceed *pro se*. By this memorandum, we are granting counsel's petition to
*(Footnote Continued Next Page)*

jurisdiction to entertain his petition.[4]  We therefore affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed.  Application for Relief Granted.  Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014

---

_(Footnote Continued)_ _____

withdraw and granting Appellant's application for relief.  We have accepted and reviewed his _pro se_ brief.

[4]  Our prior memorandum vacating the PCRA court's order and remanding for appointment of counsel has no bearing on the jurisdictional issue.  **_See Commonwealth v. Smith_**, 818 A.2d 494, 500-01 (Pa. 2003) (holding that the PCRA court must appoint counsel to represent a first time petitioner, even where the petition appears untimely).