J-S49007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER JOHN OLDFIELD, | |
| Appellant | No. 1946 MDA 2014 |

Appeal from the PCRA Order Entered October 6, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002401-2012

BEFORE: BENDER, P.J.E., ALLEN, J., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 17, 2015**

Appellant, Peter John Oldfield, appeals from the order denying his Post Conviction Relief Act[1] (PCRA) petition as untimely. Additionally, Appellant's counsel, Anthony J. Tambourino, Esq., has filed a petition to withdraw from representing Appellant, along with an **Anders**[2] brief. While a **Turner-Finley**[3] 'no-merit' letter is the appropriate filing, we may accept an **Anders** brief in lieu thereof. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). For the reasons stated *infra*, we grant Attorney Tambourino's petition to withdraw, but we are nevertheless compelled to

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

vacate the PCRA court's order and remand for further proceedings consistent with this decision.

In January of 2012, Appellant was charged with various crimes, including his second offense of driving under the influence (DUI) of a controlled substance, 75 Pa.C.S. § 3802(d)(1). As Appellant's current counsel, Attorney Tambourino explains, Appellant "initially applied and qualified for a public defender and was represented by then Public Defender, Kelley Black, Esquire. [Appellant] then hired privately retained counsel, George Marros, Esquire, who entered his appearance on October 23, 2012." *Anders* Brief at 5. Attorney Marros represented Appellant when, on August 5, 2013, Appellant pled guilty to the DUI offense, as well as impersonating a public servant, 18 Pa.C.S. § 4912. Appellant was sentenced that same day to a term of 17 months' to 5 years' incarceration. Appellant did not file a direct appeal and, therefore, his judgment of sentence became final on September 4, 2013, at the expiration of the thirty day time-period for seeking review with this Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On September 24, 2014, Appellant filed a *pro se* PCRA petition. Therein, he alleged that his sentence is illegal, and that Attorney Marros was

- 2 -

ineffective for not challenging the legality of his sentence. Appellant also stated that he did not have an attorney, he was unable to afford private counsel, and that he desired that counsel be appointed to represent him in the post-conviction proceedings. *See Pro Se* PCRA Petition, 9/24/14, at 7.

However, the PCRA court did not appoint counsel. The record indicates that the York County Clerk of Courts served Attorney Marros with Appellant's *pro se* petition, yet Attorney Marros took no action on Appellant's behalf. On October 6, 2014, the PCRA court issued an order denying Appellant's petition as untimely. Prior to doing so, the court did not hold a hearing or, alternatively, issue the required Pa.R.Crim.P. 907 notice of its intent to dismiss. Again, the clerk of courts served Attorney Marros with the PCRA court's October 6, 2014 order denying Appellant relief, but Attorney Marros did nothing in response.

On November 6, 2014, Appellant filed a *pro se* notice of appeal. The next day, November 7, 2014, Attorney Marros filed a petition to withdraw as Appellant's counsel, which the PCRA court granted on November 13, 2014. On November 14, 2014, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After being granted one extension of time, Appellant filed a timely Rule 1925(b) statement on January 2, 2015. Therein, Appellant reiterated that his sentence is illegal and that Attorney Marros acted ineffectively in representing him. Appellant also asserted, *inter alia*, that his "[r]equests for legal counsel were repeatedly ignored." Rule 1925(b), 1/2/15, at 1.

Specifically, Appellant pointed out that he "requested, in his PCRA petition, that the [c]ourt appoint him counsel[,]" yet "[n]o counsel was appointed." *Id.* at 2. Appellant further explained that he "filed an application for assistance from the York County Public Defender's Office[,]" and repeatedly contacted that office "requesting assistance for [his] PCRA," but received no response. *Id.* Six days after Appellant filed his *pro se* Rule 1925(b) statement, the court appointed Attorney Tambourino of the York County Public Defender's Office to represent Appellant in this appeal.

On March 2, 2015, the PCRA court filed a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's petition was untimely, and that he failed to plead and prove an exception to the PCRA's one-year time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). On April 20, 2015, Attorney Tambourino filed with this Court a petition to withdraw as counsel and a "**Turner/Finley** Brief," which is styled as an **Anders** brief. Therein, Attorney Tambourino reaches the same conclusion as the PCRA court, *i.e.*, that Appellant's petition is untimely and he cannot plead or prove the applicability of any timeliness exception. Neither the PCRA court, nor Attorney Tambourino, address Appellant's claim that he was denied his right to PCRA counsel.

However, we cannot overlook Appellant's assertion in this regard. Pennsylvania Rule of Criminal Procedure 904 directs that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge *shall appoint counsel* to represent the defendant on the defendant's first petition for post-conviction

- 4 -

collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). In *Commonwealth v. Stossel*, 17 A.3d 1286 (Pa. Super. 2011), we held "that where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Id.* at 1290. This is true even when the petition is untimely on its face. *See Commonwealth v. Smith*, 818 A.2d 494, 499 (Pa. 2003) (holding that "an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation [of the PCRA] apply").

In the present case, the underlying PCRA petition is Appellant's first. Appellant clearly stated in his petition that he did not have counsel, he could not afford an attorney, and he wanted counsel to represent him. While Attorney Marros was apparently still Appellant's counsel-of-record when the petition was filed, Attorney Marros had been privately retained. The record does not indicate that the PCRA court made any determination regarding whether Appellant could still afford private counsel at the time he filed his *pro se* PCRA petition.[4] Therefore, it is apparent that the PCRA court erred by

---

[4] Additionally, Appellant alleged in his petition that Attorney Marros acted ineffectively in representing him during the plea/sentencing proceedings, which precluded Attorney Marros from representing Appellant in the post-conviction proceedings. *See Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (acknowledging "the general rule that counsel cannot argue his or her own ineffectiveness"). The PCRA court also should have inquired into the
*(Footnote Continued Next Page)*

not ascertaining if Appellant is indigent and entitled to a court-appointed attorney. The court's subsequent appointment of Attorney Tambourino to assist Appellant on appeal did not cure this error.

Because of this procedural error by the PCRA court, we are constrained to agree, in general, with Attorney Tambourino's assertion that an appeal on Appellant's behalf would be frivolous at this time. Moreover, in light of Attorney Tambourino's failure to acknowledge, or attempt to address, Appellant's assertion that he was denied his right to counsel before the PCRA court, it would be beneficial for Appellant to be afforded new representation on remand, if he is so entitled. Accordingly, we grant Attorney Tambourino's petition to withdraw. Additionally, we vacate the PCRA court's order denying Appellant's petition and remand for the court to determine if Appellant is indigent and, if so, to appoint him new counsel, who shall be permitted to file an amended petition on Appellant's behalf.

Order vacated. Case remanded for further proceedings. Petition to withdraw granted. Jurisdiction relinquished.

*(Footnote Continued)* ────────────────

status of Attorney Marros' representation of Appellant, or appointed Appellant new counsel, when Attorney Marros failed to take any action on Appellant's behalf after being served with Appellant's *pro se* petition. **See Commonwealth v. Willis**, 29 A.3d 393, 399 (Pa. Super. 2011) (noting "that the PCRA court is also at fault for denying Appellant his right to counsel" where "the court failed to reprimand Attorney Elgart, or appoint new counsel, when it became clear that Attorney Elgart was not advocating on Appellant's behalf").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2015