J-S23001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL KERAK, | |
| Appellant | No. 2579 EDA 2015 |

Appeal from the Order entered July 14, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division, at No(s): CP-39-CR-0001091-2012

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD[*], J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED MAY 02, 2016**

Michael Kerak ("Appellant") appeals from the order denying Appellant's *pro se* "Motion for Modification/Reconsideration of Sentence (*Nunc Pro Tunc)*," and "Motion to Terminate Probation." We reverse and remand with instructions.

On May 14, 2012, Appellant entered a guilty plea to Driving Under the Influence ("DUI"), highest rate of alcohol, second offense. **See** 75 Pa.C.S.A. 3802(c). That same day, the trial court sentenced Appellant to a term of six to twenty-three months of incarceration, and a consecutive three-year probationary term. Appellant filed neither a post-sentence motion nor a direct appeal. On July 7, 2015, Appellant filed the motions at issue. The trial

_____

[*] Former Justice specially assigned to the Superior Court.

court denied relief. In doing so, the court treated the *pro se* filings as untimely post-sentence motions, and determined that no extraordinary circumstances existed to permit their filing *nunc pro tunc*.[1] **See** Order, 7/14/15, at 1 n.1. This timely appeal follows.[2]

Within its appellate brief, the Commonwealth aptly concedes that Appellant's *pro se* motions should have been treated as a petition filed pursuant to the Post Conviction Relief ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We agree. **See generally Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013). Moreover, as the filing would constitute Appellant's first PCRA petition, and he has *in forma pauperis* status, Appellant is entitled to the appointment of counsel. **See** Pa.R.Crim.P. 904.

Thus, we remand for the appointment of counsel to either file an amended petition on Appellant's behalf or to comply with the requirements to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Commonwealth v. Smith**, 818 A.2d 494, 500-01 (Pa. 2003) (concluding that "Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in

---

[1] Although Appellant filed two separate motions, the trial court dismissed them together.

[2] After review, we are satisfied that Appellant's notice of appeal was timely filed. **See generally Commonwealth v. Jones**, 700 A.2d 423 (Pa. 2007).

order to determine whether any of the exceptions to the [PCRA's] one-year time limitation apply").

Order reversed. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2016