J-S64031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLTON BRYANT, | |
| Appellant | No. 141 EDA 2016 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0209461-1998
CP-51-CR-0902151-1997
CP-51-CR-0902181-1997
CP-51-CR-0904981-1997

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:        **FILED AUGUST 23, 2016**

Appellant Carlton Bryant appeals *pro se* from the December 7, 2015, order entered in the Court of Common Pleas of Philadelphia County dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, after court-appointed PCRA counsel filed a **Turner/Finley**[1] no-merit letter and petition seeking to withdraw his representation. The record reveals the PCRA court did not expressly rule on PCRA counsel's petition to withdraw, and the record is otherwise unclear as

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

*Former Justice specially assigned to the Superior Court.

to whether counsel has been permitted to withdraw. Accordingly, for the following reasons, we remand this matter for a determination as to court-appointed PCRA counsel's status.

Appellant entered a plea of *nolo contendere* to ten counts of robbery, three counts of criminal conspiracy, and one count of carrying a firearm without a license. On November 6, 2000, the trial court imposed an aggregate sentence of 19½ to 40 years in prison, and following the reinstatement of Appellant's direct appeal rights *nunc pro tunc* via a timely filed PCRA petition, this Court affirmed Appellant's judgment of sentence on July 23, 2004. **Commonwealth v. Bryant**, No. 3559 EDA 2003 (Pa.Super. filed 7/23/04) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 18, 2014, Appellant filed a *pro se* PCRA petition, which was considered to be his first PCRA petition,[2] and on July 8, 2015, he filed an amended *pro se* PCRA petition. The PCRA court appointed Douglas Earl, Esquire, ("PCRA counsel") to represent Appellant. On July 23, 2015, PCRA counsel filed a **Turner/Finley** no-merit letter and petition seeking to withdraw his representation. Therein, PCRA counsel averred that Appellant's

---

[2] "This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition[.]" **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa.Super. 2013) (citations omitted).

September 18, 2014, petition was untimely filed and, alternatively, the issues which Appellant wished to raise lack merit. He further averred that he could not find any other issues of merit.

On October 2, 2015, the PCRA court, indicating PCRA counsel had filed a no-merit letter pursuant to *Turner/Finley* and the court agreed with counsel's letter, provided Appellant with notice of its intent to dismiss the PCRA petition without an evidentiary hearing. On October 13, 2015, Appellant filed a *pro se* response to the notice of dismissal. Therein, Appellant argued, *inter alia*, that PCRA counsel "misinterpreted his PCRA petition."

On December 7, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition. However, relevantly, the PCRA court indicated in the December 7, 2015, order that "[u]pon [Appellant's] request, present PCRA counsel [is] to file an appeal to the dismissal of [Appellant's] petition in the Superior Court of Pennsylvania within thirty (30) days from the date of the Formal Dismissal of [the] PCRA Petition." PCRA Court's Order, filed 12/7/15. The PCRA court served this order upon Appellant and PCRA counsel.

On December 18, 2015, Appellant filed a *pro se* notice of appeal, and by order filed on January 8, 2016, the PCRA court directed Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). The court served the Pa.R.A.P. 1925(b) order upon Appellant and PCRA counsel. Appellant filed a timely

*pro se* statement, and the PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion. In its opinion, although the PCRA court notes "[c]ounsel was appointed and a *Finley* letter filed[,]" the court does not indicate whether the request to withdraw was granted. PCRA Court's Pa.R.A.P. 1925(a) Opinion, filed 2/16/16, at 2.

Appellant has filed a *pro se* brief in this Court presenting the following issues:

>     I.    Did the PCRA court err in finding that the issues raised herein were previously litigated?
>
>     II.    Where Appellant challenged the constitutionality of his sentence in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and the PCRA court was presented with three valid exceptions to the timeliness requirement, did the PCRA court err in finding that no exceptions apply?
>
>     III.    Where the record indicated that Appellant was an unarmed co-conspirator, and in *Commonwealth v. Dickson*, 918 A.2d 95 (Pa. 2009), the Supreme Court held a similar challenge meritorious, did the PCRA court err in denying Appellant relief?
>
>     IV.    Did the PCRA court deprive Appellant of his right to petition the court for a redress of his grievances?

Appellant's *Pro Se* Brief at 8.

Since the record does not explicitly indicate that court-appointed PCRA counsel was permitted to withdraw and counsel has not entered an appearance or filed a *Turner/Finley* no-merit letter on appeal, we remand for a determination as to counsel's status. Appellant is entitled to counsel on a first-time PCRA petition, including any appeal. *See* Pa.R.Crim.P. 904(F)(2); *Commonwealth v. Figueroa*, 29 A.3d 1177 (Pa.Super. 2011);

- 4 -

*Commonwealth v. Robinson*, 970 A.2d 455 (Pa.Super. 2009) (*en banc*). This legal precept holds true even when a PCRA petition is facially untimely. *See Commonwealth v. Smith*, 818 A.2d 494 (Pa. 2003).

Of course, if PCRA counsel was permitted to withdraw in the lower court based on the filing of a *Turner/Finley* no-merit letter, then there is no requirement that new counsel be appointed. *Commonwealth v. Maple*, 559 A.2d 953 (Pa.Super. 1989). On the other hand, if PCRA counsel was not permitted to withdraw, his failure to submit a brief on appeal is considered abandonment and *per se* ineffectiveness. *See Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007).

Presently, the record is unclear as to whether PCRA counsel was permitted to withdraw as the orders issued by the PCRA court do not expressly state that counsel was allowed to withdraw from the case. Moreover, on the one hand, in its notice of intent to dismiss, the PCRA court indicated it agreed with PCRA counsel's *Turner/Finley* no-merit letter. Our Supreme Court has stated: "When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA [(the predecessor to the PCRA)] are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw[.]" *Turner*, 544 A.2d at 928-29. In the case *sub judice*, the record clearly evinces that the PCRA court concurred

with PCRA counsel's assessment; thus, it would appear that the PCRA court intended to permit counsel to withdraw.[3]

However, on the other hand, the PCRA court indicated in its December 7, 2015, order dismissing the PCRA petition that PCRA counsel was to file an appeal to this Court "upon Appellant's request." This suggests that the PCRA court did not permit PCRA counsel to withdraw.

It is well settled that hybrid representation is prohibited. ***Commonwealth v. Jette***, 23 A.3d 1032 (Pa. 2011). Accordingly, we instruct the PCRA court to hold a hearing, within thirty days of the filing of this decision, to ascertain the status of PCRA counsel. If PCRA counsel was permitted to withdraw, then we shall proceed to address Appellant's issues presented in his *pro se* brief.

Alternatively, if PCRA counsel was not initially allowed to withdraw, the PCRA court shall conduct a ***Grazier***[4] colloquy to allow Appellant the opportunity to continue *pro se*. Should Appellant elect not to proceed *pro se*, new counsel is not required; but rather, PCRA counsel must submit

---

[3] Additionally, the certified docket entries contain a notation that, on December 4, 2015, the PCRA court entered an "Order Dismissing PCRA Petition. [A]tty removed." However, the certified record contains no corresponding order. Moreover, as indicated *supra*, the PCRA court entered a subsequent order on December 7, 2015, which is contained within the certified record, that dismissed Appellant's PCRA petition and directed PCRA counsel to file an appeal to this Court "upon [Appellant's] request."

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

either an advocate's brief on behalf of Appellant or a ***Turner/Finley*** no-merit letter with this Court within sixty days of the determination. In this latter event, the Commonwealth will be permitted thirty days to file a responsive brief.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2016