818 A.2d 494

COMMONWEALTH of Pennsylvania, Appellant

v.

Charles H. SMITH, Jr., Appellee.

Supreme Court of Pennsylvania.

Submitted Dec. 5, 2002.

Decided March 6, 2003.

574

Andrea F. McKenna, D. Michael Fisher, Jerome T. Foerster, William H. Ryan, Rober A. Graci, Harrisburg, for the Com., Appellant.

David Russell Yoder, Chambersburg, for Charles H. Smith, Appellee.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## *OPINION*

Justice NEWMAN.

The Commonwealth of Pennsylvania (the Commonwealth) seeks review of an Order of the Superior Court, which vacated a decision of the Court of Common Pleas of Franklin County (PCRA court) that dismissed a *pro se* petition filed by Charles H. Smith Jr. (Smith) pursuant to the Post Conviction Relief Act (PCRA).[1] After reviewing the claim raised by the Commonwealth, we affirm the decision of the Superior Court.

1. Act of April 13, 1988, P.L. 336, *as amended,* 42 Pa.C.S. §§ 9541–9546.

## FACTS AND PROCEDURAL HISTORY

On April 1, 1996, Smith pled guilty to four counts of burglary,[2] and the trial court sentenced him to an aggregate term of twelve to twenty-four years' imprisonment. Smith did not file a direct appeal. On May 1, 1996, Smith's Judgment of Sentence became final. *See* Pennsylvania Rule of Criminal Procedure 1410(A)(3) (a defendant has thirty days from sentencing to seek appellate review).

On June 4, 1999, more than three years after sentencing, Smith filed his first *pro se* petition for relief pursuant to the PCRA, in which he alleged ineffective assistance of counsel resulting from his trial counsel's failure to file a direct appeal. Smith specifically averred that he made several explicit requests to counsel to file a direct appeal. In the petition, Smith requested an evidentiary hearing, a restoration of his right to file a direct appeal *nunc pro tunc,* and a reconsideration of the sentence imposed on him by the trial court. Additionally, Smith sought appointment of counsel.

On July 11, 1999, the PCRA court notified Smith, in accordance with Pennsylvania Rule of Criminal Procedure 907,[3] that it intended to dismiss his PCRA petition because it was not filed within the one-year period and none of the statutory exceptions to the one-year time limitation, enumerated in 42 Pa.C.S. § 9545(b)(1)(i)–(iii), appeared to apply. Rule 907 (Disposition Without Hearing) provides as follows:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall

**2.** 18 Pa.C.S. § 3502(a).

**3.** Formerly Pa.R.Crim.P. 1507, this rule was renumbered Rule 907. For the purposes of clarity I will refer to the rules by their current numbers.

give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

(2) A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

(3) The judge may dispose of only part of a petition without a hearing by ordering dismissal of or granting relief on only some of the issues raised, while ordering a hearing on other issues.

(4) When the petition is dismissed without a hearing, the judge shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken.

Pa.R.Crim.P. 907.

On August 1, 1999, Smith filed a Notice of Objection, arguing that he had an absolute right to a direct appeal. Smith stated that he believed that trial counsel filed a direct appeal when, in fact, his trial counsel did not. Smith requested that the PCRA court appoint counsel and reconsider its intention to dismiss. Additionally, Smith asked for a hearing to determine whether his trial counsel was instructed, but unjustifiably failed, to file a direct appeal. On August 23, 1999, the PCRA court dismissed the petition and appointed counsel to represent Smith on appeal only.[4]

---

4. Smith timely appealed the dismissal of the PCRA petition to the Superior Court. On appeal, the Commonwealth moved to remand the matter to the PCRA court for a determination if Smith was indigent and if the court should appoint counsel. On September 28, 2000, in accordance with the request made by the Commonwealth, the Superior Court remanded the matter to the PCRA court. On remand, the PCRA court found that Smith was indigent, but noted that counsel had

After an intervening remand, the Superior Court filed an unreported Judgment Order. The Superior Court made no findings regarding the timeliness of Smith's PCRA petition. The Superior Court explained that the PCRA court's appointment of counsel to represent Smith on appeal did not satisfy the requirements of Pennsylvania Rule of Criminal Procedure 904 (Rule 904),[5] which provides for the appointment of counsel to represent an indigent petitioner during post-conviction relief proceedings. Rule 904 (Entry of Appearance and Appointment of Counsel; *In Forma Pauperis*) provides as follows:

(A) Counsel for defendant shall file a written entry of appearance with the clerk of courts promptly after being retained or appointed, and serve a copy on the attorney for the Commonwealth. If a firm name is entered, the name of an individual lawyer shall be designated as being responsible for the conduct of the case.

(B) Except as provided in paragraph (G), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

(C) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

(D) The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

(E) An appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

already been appointed to represent Smith on appeal. Without holding an evidentiary hearing, the PCRA court dismissed the PCRA petition of Smith as time-barred.

5. Formerly Pa.R.Crim.P. 1504.

(F) When a defendant satisfies the judge that the defendant is unable to pay the costs of the post-conviction collateral proceedings, the judge shall order that the defendant be permitted to proceed *in forma pauperis.*

(G) Appointment of Counsel in Death Penalty Cases.

(1) At the conclusion of direct review in a death penalty case, which includes discretionary review in the Supreme Court of the United States, or at the expiration of time for seeking the review, upon remand of the record, the trial judge shall appoint new counsel for the purpose of post-conviction collateral review, unless:

(a) the defendant has elected to proceed *pro se* or waive post-conviction collateral proceedings, and the judge finds, after a colloquy on the record, that the defendant is competent and the defendant's election is knowing, intelligent, and voluntary;

(b) the defendant requests continued representation by original trial counsel or direct appeal counsel, and the judge finds, after a colloquy on the record, that the petitioner's election constitutes a knowing, intelligent, and voluntary waiver of a claim that counsel was ineffective; or

(c) the judge finds, after a colloquy on the record, that the defendant has engaged counsel who has entered, or will promptly enter, an appearance for the collateral review proceedings.

(2) The appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

(3) When the defendant satisfies the judge that the defendant is unable to pay the costs of the post-conviction collateral proceedings, the judge shall order that the defendant be permitted to proceed *in forma pauperis.*

*Comment:* If a defendant seeks to proceed without an attorney, the court may appoint standby counsel. *See* Rule 121.

Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel. However, the rule now limits appointment of counsel on second or subsequent petitions so that counsel should be appointed *only* if the judge determines that an evidentiary hearing is required. Of course, the judge has the discretion to appoint counsel in any case when the interests of justice require it.

Paragraph (G) was added in 2000 to provide for the appointment of counsel for the first petition for post-conviction collateral relief in a death penalty case at the conclusion of direct review.

Pa.R.Crim.P. 904.

Accordingly, the Superior Court vacated the Order of the PCRA court and remanded the matter for appointment of counsel. The Judgment Order of the Superior Court specifically provided that, "counsel should address the applicability of the section 9545(b) timeliness exceptions in [Smith's] amended petition. . . ." *Commonwealth v. Smith,* No. 1540 MDA 1999, slip op. at 3, 792 A.2d 618 (Pa.Super. November 14, 2001) (Judgment Order). The Commonwealth appealed to this Court.

The Commonwealth challenges the jurisdiction of a PCRA court to appoint counsel for an indigent petitioner where the petition is untimely.

## DISCUSSION

■ The Commonwealth contends that Smith was not entitled to the appointment of counsel because the PCRA's timeliness requirements are jurisdictional in nature and, therefore, a petitioner must first establish that his petition is not time-barred in order to qualify for court-appointed counsel pursuant to Rule 904. The argument advanced by the Commonwealth is that the timeliness requirements of the PCRA supersede Rule 904 where a petition appears to be untimely.

■ Because the instant appeal hinges upon a question of law, our standard of review is plenary. *Commonwealth v. Haag*, 570 Pa. 289, 809 A.2d 271 (2002). "In proceedings under the PCRA, the scope of review of an appellate court is limited by the parameters of the act." *Commonwealth v. Strong*, 563 Pa. 455, 761 A.2d 1167, 1170 n. 3 (2000).

■ The PCRA mandates that petitions be filed within one year of the date on which the Judgment of Sentence becomes final. 42 Pa.C.S. § 9545. This rule is jurisdictional in nature, and there are only three narrow exceptions to its application. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999). This Court has described these exceptions as follows:

> [Petitioner] must show that his failure to raise these claims previously was the result of illegal interference by government officials, 42 Pa.C.S. § 9545(b)(1)(i), or that facts upon which his claims rest were unknown and could not have been ascertained with due diligence, or that he is asserting a newly recognized constitutional right, 42 Pa.C.S. § 9545(b)(1)(ii)(iii) [sic] **and** that the petition raising these claims was filed within 60 days of the date the claim could have been presented, 42 Pa.C.S. § 9545(b)(2).

*Commonwealth v. Crawley*, 559 Pa. 9, 739 A.2d 108, 110 (1999) (emphasis in original). Additionally, this Court has stated that "the PCRA's timeliness requirements leave the courts without jurisdiction to consider the merits of a PCRA petition that is filed in an untimely manner, unless . . . one or more of the enumerated exceptions . . . applies to the claims raised therein." *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000). A petitioner has the burden to plead and prove these exceptions. *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 914 (2000).

Rule 904 provides, in relevant part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's **first petition for post-conviction collateral relief.**" Pa. R.Crim.P. 904(B) (emphasis added). "The rules in Chapter 9

[of the Pennsylvania Rules of Criminal Procedure] apply to capital and noncapital cases under the Post Conviction Relief Act." Pa.R.Crim.P. 900. We have stated that the rules of criminal procedure require the appointment of counsel in PCRA proceedings. *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 699 (1998).

The Commonwealth attempts to harmonize the strict application of the timeliness requirements of the PCRA with Rule 904, arguing that Rule 904 is not implicated where a petition is untimely on its face and the petitioner has failed to plead and prove that any of the exceptions to the one-year time limitation provided in the PCRA apply.[6] Alternatively, the Com-

---

**6.** Smith argued in his brief that the question this Court should decide is not whether the PCRA's timeliness requirements supersede Rule 904, but whether there is a state constitutional right to the effective assistance of counsel on collateral review of a criminal conviction under the Pennsylvania Constitution. While Smith recognizes that there is no federal right to appointed counsel on collateral review, he argues that it does not automatically follow that the same parameters apply to Pennsylvania cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). While this is true, we have not "decided whether a right to effective assistance of post-conviction counsel would accrue under the Pennsylvania Constitution." *Commonwealth v. Priovolos*, 552 Pa. 364, 715 A.2d 420, 422 (1998). Justice Castille stated in a concurring opinion:

This is so because the right to counsel underlying a claim that PCRA counsel was ineffective does not derive from or implicate the Sixth Amendment, there being no federal right to counsel upon state collateral review. Instead, that right to counsel arises from the Pennsylvania Rules of Criminal Procedure, *see* Pa.R.Crim.P. 904 (formerly Rule 1504), which we have held to confer an enforceable right to the effective assistance of PCRA counsel.

*Commonwealth v. Hawkins*, 567 Pa. 310, 787 A.2d 292, 309 (2001) (Castille, J., in a joining concurrence). Furthermore, this Court in *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991), set forth factors that litigants should brief and analyze in cases that implicate provisions of the Pennsylvania Constitution.

[A]s a general rule it is important that litigants brief and analyze at least the following four factors: 1) the text of the Pennsylvania constitutional provision; 2) history of the provision, including Pennsylvania case-law; 3) related case-law from other states; 4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence.

*Id.* at 895. We believe that a determination of whether there is a state constitutional right to effective assistance of counsel on collateral review of a criminal conviction is not necessary since Rule 904 controls in this case. Furthermore, Smith failed to brief and analyze properly

monwealth argues that an indigent petitioner is not entitled to have counsel appointed to represent him during PCRA proceedings when his petition appears to be time-barred, but concedes that an indigent petitioner is entitled to legal counsel on appeal from the decision of a PCRA court dismissing the petition as untimely.

We disagree with both of these arguments. Even though the timeliness requirements of the PCRA leave a court without jurisdiction to consider the **merits** of an untimely petition, they do not preclude a court from appointing counsel to aid an indigent petitioner in attempting to establish an exception to the time-bar. Although the PCRA court determines the issue of timeliness prior to reaching the merits of a PCRA petition, the PCRA court is not divested of its jurisdiction until it analyzes the facts and makes the determination that the petition is time-barred. Therefore, an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply. The Commonwealth's alternative argument is moot in light of our determination that an indigent petitioner is entitled to the appointment of counsel during PCRA proceedings in order to determine whether the petition is time-barred.

In vacating and remanding the PCRA court's decision, the Superior Court analogized the case *sub judice* to its decision in *Commonwealth v. Ferguson,* 722 A.2d 177 (Pa.Super.1998). The Superior Court held that Rule 904 requires that Smith have the assistance of counsel in attempting to demonstrate that an exception to the PCRA's one-year time limitation applies. The Superior Court reasoned that Rule 904 mandates that, even in the case of an untimely petition, an indigent petitioner is entitled to counsel so that a determina-

the four factors enumerated in *Edmunds.* Nevertheless, we recognize that the failure to engage in an *Edmunds* analysis is not a fatal defect. *See Commonwealth v. Swinehart,* 541 Pa. 500, 664 A.2d 957, 961 n. 6 (1995); *see also Commonwealth v. Arroyo,* 555 Pa. 125, 723 A.2d 162, 166 n. 6 (1999).

tion can be made regarding whether any of the exceptions to the time-bar apply. In *Ferguson*, the Superior Court determined that "it is only after the PCRA court measures the facts against the provisions of section 9545(b), including the exceptions thereto, and decides that the petition is time-barred, that it will be divested of its authority to entertain the PCRA petition." *Ferguson*, 722 A.2d at 178 (citation omitted). The Superior Court held that 42 Pa.C.S. § 9545 must yield to Rule 904. *Id.* *See Commonwealth v. Perez*, 799 A.2d 848 (Pa.Super.2002); *Commonwealth v. Kutnyak*, 781 A.2d 1259 (Pa.Super.2001); *Commonwealth v. Guthrie*, 749 A.2d 502, 504 (Pa.Super.2000) ("where an indigent PCRA petitioner requests the appointment of counsel for assistance in the preparation of a first petition pursuant to the PCRA, counsel must be appointed despite the apparent untimeliness of the petition").

The Commonwealth avers that the *Ferguson* line of cases is in conflict with our decision in *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201 (2000). The Commonwealth argues that *Murray* stands for the proposition that where it is obvious on its face that a petition for post conviction relief is untimely and where the petition itself fails to allege and prove that one of the enumerated exceptions to the time-bar applies, the petition must be dismissed without appointment of counsel. However, *Murray* is distinguishable from the *Ferguson* line of cases and from the matter *sub judice*. In *Murray*, the petitioner filed a *pro se* PCRA petition claiming that trial counsel acted ineffectively by failing to file a direct appeal to the Superior Court. *Id.* The PCRA court dismissed the claim without a hearing, holding that the petitioner did not file his petition in a timely manner and failed to plead and prove any of the exceptions to the one-year time limitation provided in the PCRA. The Superior Court affirmed. We affirmed the Superior Court, explaining that the timeliness requirements set forth in the PCRA are mandatory and jurisdictional. *Id.*

The *Ferguson* line of cases is not inconsistent with our holding in *Murray*. In *Murray* we explained that, "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard

or alter them in order to reach the **merits** of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203 (emphasis added). The issue in the case *sub judice* is whether the PCRA court must appoint counsel to represent an indigent petitioner who files his first PCRA petition more than one-year after his judgment of sentence and the petitioner has failed to plead and prove that any of the exceptions to the one-year time limitation apply. *Murray* only dealt with the jurisdictional nature of the PCRA's timeliness requirements and not with an indigent petitioner's entitlement to the assistance of counsel in attempting to plead and prove that an exception to the one-year time requirement applies. We maintain that where a petitioner files an untimely PCRA petition "the courts have no jurisdiction to grant [a petitioner] relief unless he can plead and prove that one of the exceptions to the time-bar ... applies." *Pursell*, 749 A.2d at 914. However, we now hold that counsel should be appointed to help an indigent petitioner attempt to demonstrate that one of these exceptions applies. Therefore, we agree with the decisions of the Superior Court in its *Ferguson* line of cases, and conclude that Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply.

Our decision in this case comports with the sound policy underlying Rule 904. The policy contained in Rule 904 is consistent with the long-standing directive by this Court to provide counsel to indigent petitioners filing their first collateral attack on their Judgment of Sentence. *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967).[7] "[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence." *Commonwealth v. Duffey*, 551 Pa.

7. *Hoffman* was decided pursuant to Section 12 of the former Post Conviction Hearing Act (PCHA) [42 Pa.C.S. § 9541 *et seq.* (repealed)], which mandated the appointment of counsel when requested if the court was satisfied that the petitioner had no means to procure counsel. While the current PCRA does not have a similar express provision, Rule 904 has embodied this historical principle.

675, 713 A.2d 63, 69–70 (1998) (quoting *Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736, 738 (1989)); *Albrecht, supra* (an unrepresented indigent petitioner who filed a first-time PCRA petition is entitled to have counsel appointed to represent him during the PCRA proceedings). Without legal counsel, an indigent first-time PCRA petitioner would not know of the necessity of demonstrating the existence of an exception to the time-bar. The standard PCRA petition form that is extensively used by inmates in Philadelphia, and which Smith was required to fill out, does not reference the PCRA's time limitation mandate. However, even if the petitioner was aware of the need to prove an exception to the time-bar, appointed counsel would be more able to investigate underlying facts and explore whether such facts are sufficient to prove that one of the exceptions to the one-year time limitation applies. Therefore, we conclude that an indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely.

## CONCLUSION

Accordingly, we affirm the decision of the Superior Court that remanded this matter to the PCRA court for the appointment of counsel.