J-S43007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL JOHN KASPAR, JR. | |
| Appellant | No. 2097 MDA 2015 |

Appeal from the PCRA Order November 5, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000462-2010;
CP-01-CR-0000969-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:              **FILED JULY 06, 2016**

Appellant, Paul John Kaspar, Jr., appeals from the order entered in the Adams County Court of Common Pleas, which denied his *pro se* first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

On June 23, 2011, a jury convicted Appellant of rape, statutory sexual assault, sexual assault, aggravated indecent assault, unlawful contact with a minor, corruption of minors, and indecent assault.  On September 29, 2011, the trial court imposed an aggregate sentence of fifteen (15) to thirty (30) years' incarceration.  This Court affirmed the judgment of sentence on June

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

25, 2012. On October 19, 2015, Appellant *pro se* filed his first PCRA petition. The PCRA court denied the petition without a hearing on November 5, 2015. Appellant timely filed a *pro se* notice of appeal on December 4, 2015. On December 14, 2015, the court appointed counsel for the appeal and ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant filed a timely counseled Rule 1925(b) statement on December 28, 2015.

Appellant's *pro se* status throughout the proceedings of his first PCRA petition presents a question of whether Appellant was effectively deprived of his right to counsel. An indigent defendant is entitled to appointment of counsel for his first PCRA petition. **Commonwealth v. Smith**, 572 Pa. 572, 818 A.2d 494 (2003).

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a prisoner's first petition for post conviction relief. Pursuant to our procedural rule, not only does a PCRA petitioner have the "right" to counsel, but also he has the "right" to effective assistance of counsel. The guidance and representation of an attorney during collateral review should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.

**Commonwealth v. Haag**, 570 Pa. 289, 307-08, 809 A.2d 271, 282-83 (2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003) (internal citations omitted); Pa.R.Crim.P. 904. This rule-based right to counsel persists throughout the PCRA proceedings, even if the petition is untimely or the petition does not present a cognizable claim. **Smith, supra**.

Instantly, Appellant's current PCRA petition is his first. Appellant filed the petition *pro se* and the record confirms Appellant is indigent. Therefore, Appellant was entitled to assistance of counsel to litigate his first PCRA petition, regardless of the petition's facial untimeliness. **See id.**; **Haag, supra**; 42 Pa.C.S.A. 9545(b)(1). Appellant requested appointment of counsel in his PCRA petition. The court, however, failed to appoint counsel for Appellant before it denied the petition. The court's subsequent appointment of counsel for appeal did not remedy that error. Therefore, we vacate the order denying Appellant PCRA relief and remand for counsel to review Appellant's PCRA petition and file an amended petition if necessary, raising any exceptions to the PCRA timeliness requirements and appropriate claims for relief.[2] Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

_____

[2] Appellant initially sought collateral relief pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed 314 (2013). This Court is currently reviewing *en banc* the viability of an **Alleyne**-based sentencing challenge in the context of a **timely** filed PCRA petition. Nevertheless, **Alleyne** does not qualify as an exception to the PCRA time bar under Section 9545(b)(1)(iii). **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016