J-S71045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WESLEY HERB CALMESE | |
| Appellant | No. 2137 EDA 2015 |

Appeal from the PCRA Order June 29, 2015
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006511-2009

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED October 6, 2016.**

Appellant, Wesley Herb Calmese, appeals from the order entered in the Montgomery County Court of Common Pleas denying his *pro se* Post Conviction Relief Act[1] ("PCRA") petition. We vacate the order below and remand for the appointment of counsel.

The facts of this case are unnecessary for our disposition. As a prefatory matter, we consider whether Appellant is entitled to the appointment of counsel for his first PCRA petition, even if it is facially untimely.

"Because the instant appeal hinges upon a question of law, our standard of review is plenary. In proceedings under the PCRA, the scope of review of an appellate court is limited by the parameters of the act."

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

***Commonwealth v. Smith***, 818 A.2d 494, 498 (Pa. 2003). Our

Pennsylvania Supreme Court opined:

> Rule 904 provides, in relevant part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's **first petition for post-conviction collateral relief**." Pa.R.Crim.P. 904(B) (emphasis added). . . . We have stated that the rules of criminal procedure require the appointment of counsel in PCRA proceedings.
>
> \* \* \*
>
> Even though the timeliness requirements of the PCRA leave a court without jurisdiction to consider the **merits** of an untimely petition, they do not preclude a court from appointing counsel to aid an indigent petitioner in attempting to establish an exception to the time-bar. Although the PCRA court determines the issue of timeliness prior to reaching the merits of a PCRA petition, the PCRA court is not divested of its jurisdiction until it analyzes the facts and makes the determination that the petition is time-barred. Therefore, an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply.

***Id.*** at 498-99 (citation omitted).[2]

Instantly, the PCRA court opined:

> [I]n the interest of justice, this court concludes that [Appellant's] filing should be treated as his first PCRA petition to which he is entitled to Counsel. . . . Consequently, should the Superior Court panel agree and

---

[2] We note that in his PCRA petition, Appellant checked the box stating "I do not have a lawyer and I am without financial resources or otherwise unable to obtain a lawyer." PCRA Pet., 6/16/14, at 7.

> remand the record, this court will proceed to appoint PCRA Counsel for review of the record for any other potential claims which may constitute an exception to the PCRA time bar.

PCRA Ct. Op., 7/11/16, at 10-11.[3] We agree that Appellant is entitled to have counsel appointed to represent him. **See Smith**, 818 A.2d at 498-99.

Accordingly, we remand this matter to the PCRA court for the appointment of counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016

---

[3] Appellant contends that he is entitled to the appointment of counsel. Appellant's Brief at 18. Similarly, the Commonwealth avers Appellant is entitled to a remand for the appointment of counsel. Commonwealth's Brief at 7.