J-S63027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARRY GIBBS, | |
| Appellant | No. 3205 EDA 2015 |

Appeal from the PCRA Order October 7, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000089-1984

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED OCTOBER 07, 2016**

Barry Gibbs ("Appellant") appeals *pro se* from the order dismissing as untimely his *pro se* first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We vacate and remand.

The PCRA court dismissed Appellant's PCRA petition as untimely and maintained that position in its Pa.R.A.P. 1925(a) opinion.  PCRA Court Order, 10/7/15; PCRA Court Opinion, 12/9/15, at 4.  However, the Commonwealth submits that a remand is necessary for the appointment of counsel:

> The Commonwealth is constrained to agree with [Appellant] that the [PCRA] court below inadvertently committed a reversible error of law when it disposed of the PCRA petition

_____

[*] Former Justice specially assigned to the Superior Court.

without first appointing counsel to assist [Appellant] in the prosecution of his collateral attack claims, which would necessarily include the possibility of filing a counseled amended PCRA petition. [Appellant] is serving a life imprisonment sentence in state prison and is therefore indigent. The underlying claims at issue constitute [Appellant's] first PCRA petition filed since he was convicted by a jury and sentenced for murder in 2005.

Although the [PCRA] court is correct that [Appellant's] claims filed in 2015 are facially untimely and that [Appellant] has failed in his petition to articulate the applicability of an enumerated statutory exception to the time bar, the Supreme Court and this Court have made it abundantly clear that a petitioner in [Appellant's] shoes has an absolute right to the assistance of counsel at this juncture -- to address the issue of timeliness and whether a statutory exception to the time bar applies, to address other procedural issues, and to address the underlying merits of his claims.

Accordingly, this Court must vacate the disposition below and remand the case back to the [PCRA] court with instructions to appoint counsel and allow counsel to proceed in accordance with the governing law.

Commonwealth's Brief at 10–11 (internal citations omitted).

Pennsylvania law is clear:

While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a petitioner's first petition for post conviction relief.

***Commonwealth v. Smith***, 121 A.3d 1049, 1053 (Pa. Super. 2015) (citation omitted), *appeal denied*, 136 A.3d 981 (Pa. 2016); Pa.R.Crim.P. 904(C). This right exists even in the face of a patently untimely PCRA petition. ***See Commonwealth v. Smith***, 818 A.2d 494, 500–501 (Pa. 2003) ("[A]n indigent petitioner, whose first PCRA petition appears untimely,

is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply.").

Upon review, the record confirms that Appellant filed a *pro se* first PCRA petition in which he asserted his indigence and requested counsel. PCRA Petition, 9/13/15, at §§ 15, 16. Accordingly, we commend the Commonwealth on its candor and agree that the PCRA court erred in dismissing Appellant's petition without appointing counsel.[1]

Order vacated; case remanded for appointment of counsel. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016

---

[1] We express no opinion on the merits of the claims raised in Appellant's petition.