J-S78036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GREGORY BACON | |
| Appellant | No. 568 WDA 2016 |

Appeal from the PCRA Order April 5, 2016
in the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004967-2006

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:          FILED: October 14, 2016

Appellant, Gregory Bacon, appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas denying his second Post Conviction Relief Act[1] ("PCRA") petition. Appellant argues he is entitled to resentencing based on the United States Supreme Court's holding in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012). We affirm.

On December 7, 2007, a jury convicted Appellant of first-degree murder[2] and firearms not to be carried without a license[3] for offenses that were committed when Appellant was twenty-four years old. The trial court sentenced Appellant on January 30, 2008, to a mandatory term of life

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

[3] 18 Pa.C.S. § 6106(a)(1).

without parole. This Court affirmed the judgment of sentence on November 25, 2008, and our Supreme Court denied allowance of appeal on July 22, 2009. *See Commonwealth v. Bacon*, 964 A.2d 933 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 981 A.2d 216 (Pa. 2009).

Appellant timely filed his first PCRA petition *pro se* on August 10, 2009. The PCRA court appointed counsel, who subsequently filed a "no-merit" letter and a motion to withdraw. The PCRA court granted counsel's motion and issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response and a motion requesting the appointment of counsel. The PCRA court denied Appellant's motion and dismissed his petition. This Court affirmed the dismissal. *See Commonwealth v. Bacon*, 60 A.3d 567 (Pa. Super. 2012) (unpublished memorandum).

Appellant filed the current PCRA petition *pro se* on February 1, 2016.[4] The PCRA court subsequently issued a Rule 907 notice to which Appellant responded *pro se*. The PCRA court dismissed Appellant's petition on April 5, 2016, and Appellant timely filed a notice of appeal. The PCRA court did not

---

[4] That same day, Appellant filed a *pro se* request for appointment of counsel, which the PCRA court did not address. However, as Appellant is not entitled to appointment of counsel beyond his first PCRA, we decline to find error in the court's failure to dispose of the motion. *See Commonwealth v. Smith*, 818 A.2d 494, 498 (Pa. 2003) (stating "the judge **shall** appoint counsel to represent the defendant on the defendant's **first petition for post-conviction collateral relief**").

order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions.  We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted).  The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, the sole issue raised in Appellant's current petition was whether his mandatory life sentence was unconstitutional pursuant to *Miller*, which was decided on June 25, 2012. On January 25, 2016, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and held, "*Miller* announced a substantive rule of constitutional law. Like other substantive rules, *Miller* is retroactive[.]" *Montgomery*, 136 S. Ct. at 734. Thereafter, this Court issued its decision in *Commonwealth v. Secreti*, 134 A.3d 77 (Pa. Super. 2016), and held the decision in *Montgomery* renders *Miller* retroactive "effective as of the date of the *Miller* decision." *Secreti*, 134 A.3d at 82. Therefore, pursuant to this Court's decision in *Secreti*, Appellant timely filed his current petition within sixty days of *Montgomery*, which placed him within the purview of *Miller*. *See id.*; *Copenhefer*, 941 A.2d at 648.

Nevertheless, Appellant was twenty-four years old at the time he committed the offenses and, thus, is not entitled to relief. *See Miller*, 132 S. Ct. at 2464 (holding mandatory life without parole sentences for

- 4 -

individuals **under eighteen** at the time of their crimes are unconstitutional).

Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.

*See Wilson*, 824 A.2d at 833.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2016