J-S42025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO J. BUNDY, | : | |
| | : | |
| Appellant | : | No. 3123 EDA 2018 |

Appeal from the Order Dated September 18, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0715041-1976.

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 11, 2019**

Antonio Bundy appeals, *pro se*, from the order denying his motion for

DNA testing filed pursuant to Section 9543.1 of the Post Conviction Relief Act

("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court provided the following relevant facts and procedural

history as follows:

> [Bundy] was arrested and subsequently charged in
> connection with the daytime robbery and fatal stabbing of a
> seventy-one-year-old man in center city Philadelphia.  In
> December 1976, following a jury trial presided over by the
> Honorable Berel Caesar, [Bundy] was convicted of second-
> degree murder, robbery, resisting arrest, possession of an
> instrument of crime, and weapons offenses.  On October 4,
> 1977, [Bundy] was sentenced to life imprisonment for the
> murder conviction and lesser concurrent sentences for the
> remaining convictions.  Following a direct appeal, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania Supreme Court affirmed the judgment of sentence on May 16, 1980. [***Commonwealth v. Bundy***, 414 A.2d 130 (Pa. 1980).]

On October 13, 1983, [Bundy] filed his first petition for collateral relief under the former provisions of the Post Conviction Hearing Act ("PCHA"). Counsel was appointed, and after an evidentiary hearing, the PCHA court denied relief. On March 22, 1985, the Superior Court affirmed the PCHA court's denial of relief by *per curiam* order. [***Commonwealth v. Bundy***, 494 A.2d 476 (Pa. Super. 1985).] [Bundy] did not petition for allowance of appeal with our Supreme Court.

[Bundy] was subsequently unsuccessful in obtaining post-conviction relief through multiple serial petitions, including those filed in 2011 and 2012. On April 23, 2015, [Bundy] filed his fifth *pro se* collateral petition. On August 31, 2017, the PCRA court dismissed his petition as untimely and denied habeas corpus relief. [Bundy's] subsequent appeal is currently pending before the Superior Court (3221 EDA 2017).

On February 2, 2018, [Bundy] filed a motion for DNA testing. The PCRA court denied the motion on September 18, 2018. On October 16, 2018, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 12/6/18, at 1-2 (footnotes omitted). The PCRA court did not require Pa.R.A.P. 1925 compliance.

Bundy now raises the following issues, which we reproduce verbatim:

[1.] Have the lower court abuse its discretion,

[2.] Have the lower court misapplied the statutes,

[3.] Have the lower court misapplied the law,

[4.] Have the lower court violated its own rules arbitrarily,

[5.] Have the lower court deprive [Bundy] of justice,

[6.] Have the lower court denied [Bundy] the opportunity to prove his innocence[.]

Bundy's Brief at 6. We will address these claims together.

We review an order denying a motion for post-conviction DNA testing as follows:

> Generally, the [PCRA] court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Williams*, 35 A.3d 44, 47 (citations omitted).

Section 9543.1, in pertinent part, reads as follows:

## § 9543.1. Postconviction DNA testing

**(a) Motion.—**

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the

applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

* * *

**(c) Requirements.**—In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1)(i) specify the evidence to be tested;

 (ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

 (iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2)(i) assert the applicant's actual innocence of the offense for which the applicant was convicted[.]

* * *

(3) present a *prima facie* case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.];

* * *

**(d) Order.**—

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1.[1]

As we explained in **Williams**:

The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction. The statutory standard to obtain testing requires more than conjecture or speculation; it demands a prime facie case that the DNA results, if exculpatory, would establish actual innocence.

**Williams**, 35 A.3d at 50.

---

[1] We note that the Pennsylvania legislature rewrote this section, effective December 24, 2018. **See** Act-2018-147, § 1.

In the instant case, the PCRA court concluded that, even though Bundy had not established the threshold requirements, had he done so, he failed to present a *prima facie* case of "actual innocence." The court explained:

At the outset, [Bundy] failed to meet his initial burden under § 9543.1(c)(1). [Bundy] failed to state that he consented to provide samples of bodily fluid for use in DNA testing and acknowledge that he understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes, and may be used as evidence against him in other cases. 42 [Pa.C.S.A.] § 9543.1(c)(1)(ii), (iii).

Even assuming that [Bundy] satisfied the threshold requirements under subsection 9543(c)(1), he failed to present a prima facie case of "actual innocence." *See id.* § 9543.1(c)(3)(ii)(A). Specifically, [Bundy] failed to acknowledge his burden of proof, let alone provide any meaningful analysis to demonstrate that, assuming exculpatory results, the DNA testing would establish his innocence. *See id.* These omissions were fatal to [Bundy's] attempt to obtain DNA testing.

PCRA Court Opinion, 12/6/18, at 3. Our review of Bundy's motion, in light of the statutory requirements listed above, supports the PCRA court's conclusions.[2]

Bundy's arguments to the contrary are unavailing. He first argues that the PCRA court mistakenly treated his motion as an untimely PCRA petition.

---

[2] The Commonwealth contends that the PCRA court lacked jurisdiction to consider Bundy's motion while his appeal from the denial of his fifth petition was pending. *See* Commonwealth's Brief at 8-9. As noted by the Commonwealth, this Court quashed this appeal on January 7, 2019. *See Commonwealth v. Bundy*, No. 3221 EDA 2017. We decline to affirm on this basis.

The above-cited discussion by the PCRA court clearly establishes that it did not.

In addition, Bundy cites no pertinent authority for his contention that he must be afforded a hearing before his motion for DNA testing is dismissed. Although he cites to **Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003), this case did not deal with DNA testing or the right to an evidentiary hearing. Rather, in **Smith**, our Supreme Court agreed with decisions from this Court and held that Pa.R.Crim.P. 904 "mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply." **Smith**, 818 A.2d at 500-01 (citing **Commonwealth v. Ferguson**, 722 A.2d 177 (Pa. Super. 1998)).

Lastly, Bundy proffers no argument that there is a reasonable probability that the DNA results, if exculpatory, would establish his innocence. Although in his motion he maintains his innocence, Bundy has not averred that his identification or participation in the crime was at issue in his trial. **See** 42 Pa.C.S.A. § 9543.1(a)(3)(i). As this Court noted in affirming the dismissal of Bundy's PCHA petition, "[t]he stabbing had been observed by eyewitnesses, and Bundy had been apprehended as he fled from the scene. The defense argued, in the alternative, that Bundy had acted in self-defense or, at least, in the heat of passion sufficient to reduce his guilt to voluntary manslaughter.") **Commonwealth v. Bundy**, 494 A.2d 476 (Pa. Super.

1985), unpublished memorandum at 3. Bundy does not even attempt to explain how DNA testing would assist him in establishing his innocence.[3]

      In sum, because the PCRA court correctly determined that Bundy failed to satisfy the requirements of Section 9543.1, we affirm the court's order denying his motion of DNA testing.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/11/19</u>

---

[3] We do not consider Bundy's bare assertion that his continued confinement constitutes cruel and unusual punishment under both the federal and state constitutions because he did not raise the claim statement of questions involved. **See** Pa.R.A.P. 2116(a) (providing "[n]o question will be considered unless it is stated in the questions involved or is fairly suggested thereby").