J-S32036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WALTER M. YOUNG :
:
Appellant : No. 1433 EDA 2018

Appeal from the Order May 25, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0707101-2001.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED AUGUST 28, 2020**

Walter M. Young appeals *pro se* from the order that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-46. We reverse the PCRA court's order, and remand for the appointment of counsel.

On November 26, 2002, a jury convicted Young of second-degree murder and related charges. Young was charged with the offenses as a result of his participation in an armed robbery in which the victim was fatally shot by a co-defendant. Immediately following the verdict, the trial court sentenced Young to life in prison for his murder conviction. On March 12, 2003, the trial court imposed an aggregate term of 7½ - 15 years of imprisonment for the remaining convictions, to be served consecutively.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Young filed a post-sentence motion, which was denied by operation of law on July 14, 2003.

Young filed an appeal to this Court. By order entered December 23, 2004, we granted the Commonwealth's motion to quash the appeal as untimely filed. On April 11, 2005, Young filed a timely PCRA petition and the PCRA court appointed counsel. PCRA counsel filed an amended petition in which he sought reinstatement of Young's direct appeal rights *nun pro tunc*. By order entered December 7, 2006, the PCRA court reinstated Young's direct appeal rights.

On December 27, 2006, Young filed an appeal *nunc pro tunc* to this Court. In an unpublished memorandum filed on October 29, 2009, this Court rejected Young's challenged to the sufficiency of the evidence supporting his convictions. ***Commonwealth v. Young***, 987 A.2d 828 (Pa. Super. 2009). Although Young also challenged trial counsel's ineffectiveness for failing to object to prosecutorial misconduct during the Commonwealth's closing argument, we found this claim must await collateral review. ***See id.***, unpublished memorandum at 1 n.1. On April 13, 2010, our Supreme Court denied Young's petition for allowance of appeal. ***Commonwealth v. Young***, 992 A.2d 889 (Pa. 2010). Young did not seek further review.

On January 16, 2018, Young filed the *pro se* PCRA petition at issue. In this petition, Young claimed he received an illegal sentence, and raised a claim of ineffectiveness based on newly discovered evidence of trial counsel's mental infirmities. On March 26, 2018, the PCRA court issued a Pa.R.Crim.P. 907

notice of its intent to dismiss Young's petition without a hearing. Young did not file a response, but rather filed a premature appeal to this Court.[1] By order entered May 25, 2018, the PCRA court dismissed Young's petition. Both Young and the PCRA court have complied with Pa.R.A.P. 1925.

> A. Did the [PCRA] court err when dismissing [Young's] petition as facially untimely as to relief under 42 Pa.C.S.A. § [9545(b)(1)(ii)] without having a hearing?
>
> B. Did trial counsel's mental instabilities influence the effectiveness of his legal abilities and performance which greatly undermine the outcome of [Young's] trial proceedings?

Young's Brief at 3.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Although this Court would normally first address the timeliness of Young's 2018 PCRA petition, we note that the PCRA court should have treated this petition as Young's first petition for post-conviction relief, since his

---

[1] Pa.R.A.P. 905(a)(5) provides that a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Thus, even though he filed his notice of appeal prior to the PCRA court's order dismissing his PCRA petition, the appeal is properly before us.

previous petition was filed in order to reinstate his direct appeal rights, and that relief was granted. **See Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa. Super. 2014) (explaining that when a PCRA petitioner's direct appeal rights are reinstated nunc pro tunc in his first PCRA petition, a subsequent PCRA petition will be considered his first PCRA petition for timeliness purposes).

Moreover, although facially untimely, Young is entitled to the appointment of counsel to assist him in determining whether a time-bar exception applies. **Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003). In **Smith**, our Supreme Court agreed with decisions from this Court and held that Pa.R.Crim.P. 904 "mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply." **Id.** at 500-01 (citing **Commonwealth v. Ferguson**, 722 A.2d 177 (Pa. Super. 1998)).

Here, Young is clearly indigent, as he was granted permission to proceed with this appeal *in forma pauperis*. Thus, the PCRA court should have appointed counsel to assist Young in his pursuit of post-conviction relief. We therefore reverse the PCRA court's order denying his *pro se* PCRA petition and remand for the appointment of counsel.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/20