J-S26045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                              :
:
:
LAMONT ZAMICHIELI                :
:
Appellant              :    No. 1420 MDA 2020

Appeal from the PCRA Order Entered September 18, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000418-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED NOVEMBER 09, 2021**

Lamont Zamichieli ("Zamichieli") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We vacate the PCRA court's Order and remand with instructions.

On March 18, 2019, a jury found Zamichieli guilty of two counts of aggravated harassment by prisoner, and one count each of indecent assault and harassment after sending sexually explicit, semen-stained letters to two women while he was in prison for an unrelated offense.  The trial court sentenced Zamichieli to an aggregate term of 54 to 168 months in prison. Zamichieli filed a Notice of Appeal on May 14, 2019.  This Court affirmed

Zamichieli's judgment of sentence on December 20, 2019.[1] *See Commonwealth v. Zamichieli*, 225 A.3d 1177 (Pa. Super. 2019) (unpublished memorandum).

On June 25, 2020, Zamichieli filed the instant, timely *pro se* PCRA Petition, alleging, *inter alia*, ineffective assistance of counsel. The following day, the PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss Zamichieli's PCRA Petition. The PCRA court stated, in part, that the Petition was untimely filed. Zamichieli filed a *pro se* Response, challenging the PCRA court's finding that his Petition was untimely filed. On August 28, 2020, the PCRA court issued an Order acknowledging that it had improperly determined that Zamichieli's PCRA Petition was untimely filed, and rescinding its prior Notice. The PCRA court issued Rule 907 Notice of its intent to dismiss Zamichieli's PCRA Petition on the basis that it lacked merit. Zamichieli filed a *pro se* Response. Zamichieli also filed a Motion, seeking removal of Christopher B. Wencker, Esquire ("Attorney Wencker"), as his counsel, and seeking the appointment of new counsel. On September 18, 2020, the PCRA court dismissed Zamichieli's PCRA Petition, and denied his Motion as moot,

---

[1] After filing his direct appeal, but before this Court issued its decision, Zamichieli filed a *pro se* "Motion for Post Conviction Collateral Relief" on June 25, 2020.

- 2 -

since Attorney Wencker had not been appointed to represent Zamichieli in PCRA proceedings.[2]

Zamichieli, *pro se*, filed a timely Notice of Appeal. On December 17, 2020, this Court issued an Order noting that Zamichieli had filed a *pro se* appeal, and the docket did not indicate that Zamichieli had PCRA counsel. Accordingly, this Court directed the PCRA court to resolve any issues regarding Zamichieli's representation. In response, on December 30, 2020, the PCRA court appointed William Tressler, Esquire ("Attorney Tressler"), as counsel. This Court subsequently directed Attorney Tressler to enter his appearance

---

[2] Attorney Wencker also filed a Petition to Withdraw as Counsel on September 18, 2020, citing a conflict of interests with Zamichieli. Despite its previous finding that Attorney Wencker had never been appointed as PCRA counsel, the PCRA court granted the Petition to Withdraw.

and struck Zamichieli's *pro se* appellate brief.[3] Attorney Tressler filed an appellate brief on Zamichieli's behalf.

On appeal, Zamichieli argues that the PCRA court denied him the right to counsel during the pendency of his first PCRA Petition. **See** Brief for Appellant at 7-9.

Pennsylvania Rule of Criminal Procedure 904 provides, in relevant part, that, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). "[A]n indigent first-time PCRA petitioner is entitled to the assistance of counsel…." **Commonwealth v. Smith**, 818 A.2d 494, 501 (Pa. 2003). "Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled

---

[3] Despite being represented by counsel, Zamichieli continued to file *pro se* documents in this Court. On June 4, 2021, Zamichieli filed a *pro se* Motion, seeking the withdrawal of Attorney Tressler. As Attorney Tressler had filed an appellate brief on Zamichieli's behalf, this Court denied the Motion. Zamichieli subsequently filed a *pro se* "Notice of Appeal," in which he sought reconsideration of this Court's Order denying his Motion seeking Attorney Tressler's withdrawal. Because the *pro se* filing sought reconsideration, this Court dismissed Zamichieli's "Notice of Appeal." On August 2, 2021, Zamichieli filed a *pro se* Motion, again seeking Attorney Tressler's removal, and claiming that Attorney Tressler had made racially and sexually threatening comments to Zamichieli and his family members. This Court denied this Motion as well. **See generally Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (stating that "[i]n this Commonwealth, hybrid representation is not permitted[,]" and explaining that "this Court will not accept a *pro se* motion while an appellant is represented by counsel….").

to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." **Commonwealth v. Cox**, 204 A.3d 371, 391 (Pa. 2019).

Here, the record reflects that Zamichieli's instant, *pro se*, PCRA Petition is his first. The record reflects that the PCRA court filed its Rule 907 Notice the day after Zamichieli filed his *pro se* Petition, and did not appoint PCRA counsel to assist Zamichieli during the PCRA proceedings. The record is also devoid of any indication that a hearing was held pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), to determine whether Zamichieli wished to proceed *pro se*. Indeed, given the PCRA court's nearly immediate issuance of a Rule 907 Notice, it is unlikely that either action was possible.

Moreover, in response to this Court's Order directing the PCRA court to clarify whether Zamichieli was provided counsel, the PCRA court failed to respond, instead appointing counsel to Zamichieli for his PCRA appeal. The appointment of counsel to assist with a collateral appeal does not satisfy Zamichieli's right to counsel to assist the prosecution of his first PCRA Petition.

Thus, because Zamichieli was denied his right to counsel, we vacate the PCRA court's Order dismissing Zamichieli's first PCRA Petition, and remand the matter to the PCRA court for appropriate proceedings under the PCRA. **See Smith**, **supra**. On remand, the PCRA court shall determine whether Zamichieli is entitled to the appointment of counsel pursuant to Pa.R.Crim.P. 904, and whether Zamichieli wishes to proceed *pro se* or with the assistance of counsel. If Zamichieli is entitled to and desires representation, the PCRA

court shall appoint Zamichieli PCRA counsel.  Alternatively, should Zamichieli wish to waive his right to counsel and proceed *pro se*, the PCRA court shall conduct a **Grazier** hearing, and supplement the record with the transcripts from the **Grazier** hearing and colloquy.

Order vacated.  Case remanded with instructions.  The Prothonotary is directed to remand the certified record to the PCRA court.  Superior Court jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/09/2021