J-S70044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN JAMES O'DOHERTY | : | |
| | : | |
| Appellant | : | No. 1011 MDA 2017 |

Appeal from the PCRA Order June 19, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0001054-2012,
CP-54-CR-0001055-2012

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 12, 2017**

Brian James O'Doherty appeals *pro se* from the order entered June 19, 2017, in the Court of Common Pleas of Schuylkill County, that dismissed as untimely his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  O'Doherty filed the instant petition, seeking collateral relief from the aggregate revocation sentence of ten to 24 months' imprisonment, which was imposed on November 30, 2015. In his PCRA petition, O'Doherty raises issues of trial counsel's ineffectiveness in litigating his motion for credit for time served and the legality of the sentence, contending he is entitled to credit for time served.  Based upon the following, we vacate the order and remand with instructions.

Briefly, at both Docket Nos. 1054-2012 and 1055-2012, the underlying convictions involve drug offenses, including delivery of a controlled substance.

*See* 35 P.S. § 780-113(a)(30). On November 30, 2015, the trial court revoked O'Doherty's probation and sentenced him to five to 12 months' imprisonment at Docket No. 1054-2012, and a consecutive term of 5 to 12 months' imprisonment at Docket No. 1055-2012, for an aggregate sentence of ten to 24 months' imprisonment. According to the sentencing orders, O'Doherty's "minimum date is 9/30/2016 and the maximum date is 11/30/2017." *See* Orders, 11/30/2015 (Docket No. 1054-2012) and Order, 11/30/2015 (Docket No. 1055-2012).

On December 23, 2015, O'Doherty filed a counseled "motion for credit time" at Docket Nos. 1054-2012 and 1055-2012. On December 24, 2015, the trial court issued a Rule upon the District Attorney of Schuylkill to show cause why the motion should not be granted. The Rule was made returnable on or before January 14, 2016. On January 21, 2016, the Commonwealth filed a response, opposing O'Doherty's motion for time credit. The trial court denied the motion for time credit on the merits on January 22, 2016.

On June 16, 2017, O'Doherty filed the instant *pro se* PCRA petition at Docket Nos. 1054-2012 and 1055-2012, and the PCRA court denied the petition on June 19, 2017. In its order, the PCRA court opined that O'Doherty was attempting to resurrect the same issue that the court had decided on January 22, 2016, when it denied O'Doherty's request for credit for time served. The PCRA court opined that the time served for which O'Doherty sought credit "was totally unrelated to the above cases [Docket Nos. 1054–

2012 and 1055–2012].ʺ Order, 6/19/2017, at 1. In addition, the PCRA court rejected the PCRA petition as untimely. The PCRA court's order advised O'Doherty that he is entitled to counsel for the preparation and argument of his appeal, and if he cannot afford counsel, counsel will be appointed. *See* PCRA Court Order, 6/19/2017, at 2. This *pro se* appeal followed.

At the outset, we address the procedural aspect of O'Doherty's present petition to clarify that the present petition is O'Doherty's first PCRA petition. We consider that, following sentencing on November 30, 2015, O'Doherty filed a counseled petition for time credit on December 23, 2015, before the expiration of the 30-day appeal period. No appeal was filed, the appeal period ran on December 30, 2015[1], and the trial court denied the motion thereafter, on January 22, 2016. In this regard, we are mindful that, generally, a trial court may modify or rescind any order within 30 days of its entry, provided that no appeal has been taken. 42 Pa.C.S. § 5505. Even after the thirty-day period has expired, the trial court has the inherent power to modify a sentence and correct patent or obvious mistakes such as credit for time served. *See Commonwealth v. Martz*, 926 A.2d 514 (Pa. Super. 2007).

---

[1] *See* Pa.R.Crim.P. 708(E) and Pa.R.Crim.P. 708 Comment ("Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence.").

While a motion for time credit involves the legality of sentence and is cognizable under the PCRA, *see Commonwealth v. Davis*, 852 A.2d 392, 400 (Pa. Super. 2004), O'Doherty's petition for time credit was filed **before** the judgment of sentence became final.[2]  This is significant because "the PCRA provides the sole means for obtaining collateral review, and … any petition filed *after the judgment of sentence becomes final* will be treated as a PCRA petition."  *Commonwealth v. Fowler*, 930 A.2d 586, 590 (Pa. Super. 2007) (internal quotations and citation omitted) (emphasis added). Therefore, O'Doherty's petition for time credit was not the equivalent of a PCRA petition.  Accordingly, the present *pro se* PCRA petition, which was filed on June 16, 2017, **after** the judgment of sentence became final, is O'Doherty's first PCRA petition.

The record reveals that O'Doherty was unrepresented in the PCRA court. Even though O'Doherty indicated in his *pro se* PCRA petition that he did not want a lawyer,[3] the PCRA court should have conducted a *Grazier*[4] hearing to ensure O'Doherty intelligently, knowingly, and voluntarily waived his right to

---

[2] Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or **at the expiration of time for seeking the review**."  42 Pa.C.S. § 9545(b)(3) (emphasis added).

[3] *See* O'Doherty's PCRA Petition, 6/16/2017, at 8 (Docket No. 1054-2012).

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

representation.  **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.

Super. 2011) ("[W]hen a first-time petitioner indicates in his *pro se* petition

that he does not wish to be represented by an attorney, the PCRA court must

still conduct a **Grazier** hearing, eliciting information in accordance with

[Pa.R.Crim.P.] 121 and **Robinson**[5] before permitting the petitioner to

proceed *pro se*.").  Accordingly, we vacate the order denying O'Doherty's

request for PCRA relief, and remand with instructions.

On remand, the PCRA court should first determine if O'Doherty is eligible

for PCRA relief.[6]  **See Commonwealth v. Turner**, 80 A.3d 754, 761-761 (Pa.

2013) (stating that eligibility for PCRA relief is dependent upon the petitioner

currently serving a sentence of imprisonment, probation, or parole); 42

Pa.C.S. § 9543(a)(1)(i)).  If the PCRA court concludes that O'Doherty is no

longer serving a sentence and not eligible for PCRA relief, it may dismiss the

PCRA petition on those grounds, forgoing a **Grazier** hearing or appointing new

counsel.  **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997)

(holding that 42 Pa.C.S. § 9543(a)(1)(i) requires the denial of a PCRA petition

---

[5] **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009).

[6] As we already have stated, the trial court's November 30, 2015 sentencing orders indicate that O'Doherty's maximum date of confinement is November 30, 2017.  We point out that O'Doherty will not be entitled to PCRA relief when he is no longer serving his sentence.  **See Commonwealth v. Plunkett**, 151 A.3d 1108 (Pa. Super. 2016), *appeal denied*, ___ A.3d ___ [2017 Pa. LEXIS 1075] (Pa. May 15, 2017).

where the petitioner is no longer serving a sentence). If O'Doherty retracts his wish to proceed *pro se*, the PCRA court must determine whether O'Doherty is indigent and appoint counsel accordingly. **See** Pa.R.Crim.P. 904(C); **Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003) (explaining that an indigent petitioner is entitled to appointment of counsel on his first PCRA petition even where the petition appears untimely on its face).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017