J-S76025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINGO VEGA, | : | |
| | : | |
| Appellant. | : | No. 626 WDA 2018 |

Appeal from the Order, March 13, 2018,
in the Court of Common Pleas of Jefferson County,
Criminal Division at No(s):  CP-33-CR-0000215-2012.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 29, 2019**

Domingo Vega appeals *pro se* from the order denying as untimely his "motion to correct illegal sentence."  We vacate and remand with instructions.

On October 3, 2012, Vega pled guilty to the offense of corruption of minors, 18 Pa.C.S.A. section 6301(a)(1), a misdemeanor of the first degree. He was sentenced to incarceration of a minimum of six months to a maximum of twenty-four months less one day followed by three years plus one day probation.  Additionally, the trial court imposed certain special conditions.  In particular, Vega was prohibited from having unsupervised contact with the victim or with children under the age of 18.  Additionally, he was required to submit to periodic polygraph examinations.

After being paroled, during a maintenance polygraph, Vega admitted that he had unsupervised contact with a six-year-old girl from church and he lied. Consequently, Vega was charged with violating his probation.

After a probation revocation hearing, the trial court sentenced Vega to eighteen months to five years in a state correctional institution. Vega filed an appeal to this Court, challenging only the issue of the Commonwealth's proof. This Court affirmed Vega's judgment of sentence. **Commonwealth v. Vega**, 153 A.3d 1098 (Pa. Super 1016) (unpublished memorandum).

On February 17, 2017, Vega timely filed a *pro se* PCRA petition. After appointing counsel, the PCRA court held an evidentiary hearing. By order dated July 6, 2017, the PCRA court granted Vega's PCRA petition, in part, and reinstated his right to file a petition for allowance of appeal *nunc pro tunc.* Vega then filed a petition for allowance of appeal to our Supreme Court, which was denied on January 9, 2018. **Commonwealth v. Vega**, 178 A.3d 733 (Pa. 2018).

Shortly thereafter, on March 12, 2018, Vega filed a *pro se* "motion to correct an illegal sentence". This motion challenged the sentence entered on July 1, 2015, after revocation of his probation. The next day, the trial court denied Vega's motion as an untimely motion to modify his sentence. Vega filed his notice of appeal on April 9, 2018. The trial court did not require Pa.R.A.P. 1925 compliance.

On appeal, Vega raises the following issues:

1. Did the trial court impose an illegal sentence of a bias and prejudicial nature by ignoring the applicable statute associated with his conviction?

2. Did the trial court impose a sentence by disregarding the numerous violations of Vega's constitutional rights during the investigative stage of the events surrounding the probation revocation process?

*See* Vega's Brief at 4.

Initially, we note that we do not reach the issue of whether the trial court properly denied Vega relief because the trial court erred in failing to recognize that Vega's "Motion to Correct an Illegal Sentence" should have been treated as a petition under the Post-Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546.

Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." ***Commonwealth v. Taylor***, 64 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). Accordingly, any petition for post-conviction relief will generally be considered under the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 722 A.2d 638 (Pa. 1998); 42 Pa.C.S.A. § 9542.

A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, of the effectiveness of counsel during the plea process, trial, appeal, or PCRA review. 42 Pa.C.S.A. § 9543. Here, Vega's motion to

modify sentence attacked the legality of his sentence, which is cognizable under the PCRA. *See Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011). Accordingly, the PCRA was the sole avenue for Vega to gain relief, and therefore, the trial court erred in failing to treat the *pro se* "Motion to Correct an Illegal Sentence" as a PCRA petition.

Moreover, given the procedural history of this case, Vega's *pro se* filing by Vega constitutes his first PCRA petition. "It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition." *Commonwealth v. Figueroa*, 29 A.3d 1177, 1181 (Pa. Super. 2011) (quoting *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007). This conclusion is significant because, as our Supreme Court has recognized:

> Rule 904 provides, in relevant part, that when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction relief. Pa.R.Crim.P. 904(B). . . . We have stated that the rules of criminal procedure require the appointment of counsel in [first] PCRA proceedings.

*Commonwealth v. Smith*, 818 A.2d 494, 498 (Pa. 2003) (citations omitted).

Moreover, our Supreme Court has recognized that this rule-based right to counsel persists throughout the PCRA proceedings, even if the petition is facially untimely or the petition does not present a colorable claim. *See id.*

Here, our review of the record reveals that the trial court granted Vega indigent status to pursue this appeal. **See** Order, 4/11/18. In addition, there is no indication that that Vega has waived his right to counsel.

Therefore, we vacate the trial court's order denying Vega's "Motion to Correct an Illegal Sentence" and remand for the appointment of counsel. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding "that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake).

Order vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/29/2019

- 5 -