J-S08008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEAN ANTHONY MOFFITT | : | |
| | : | |
| Appellant | : | No. 614 WDA 2019 |

Appeal from the Order Dated March 11, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002760-2001,
CP-02-CR-0008340-1998, CP-02-CR-0009829-2005

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 28, 2020**

Appellant, Sean Anthony Moffitt, appeals from the March 11, 2019 order entered in the Court of Common Pleas of Allegheny County. We are constrained to quash this appeal.

The record reveals the following chronology of events. On March 5, 2016, Appellant filed a writ of errors *coram nobis*, requesting the court to vacate his October 5, 2006 judgment of sentence.[1] Appellant's Writ of Errors

---

[1] Appellant was originally charged with the following crimes: persons not to own or possess a firearm (18 Pa.C.S.A. § 6105); carrying a firearm without a license (18 Pa.C.S.A. § 6106(a)(1)); possession with the intent to deliver a controlled substance ("PWID") (35 P.S. §780-113(a)(30)); possession of a controlled substance (35 Pa.C.S.A. § 780-113(a)(16)); and, receiving stolen property (18 Pa.C.S.A. § 3925). On October 5, 2006, Appellant entered into a negotiated plea deal in which he pled guilty to (1) persons not to own or possess a firearm, (2) possession of a controlled substance, and (3) receiving

*Coram Nobis*, 3/5/16, at 1-27. The court denied Appellant's writ on April 12, 2016. PCRA Court Order, 4/12/16, at 1. Appellant did not appeal.

Thereafter, on June 9, 2016, Appellant filed a second writ of errors *coram nobis*. Appellant's Second Writ of Errors *Coram Nobis*, 6/9/16, at 1-27. Additionally, on April 25, 2017, Appellant moved for the appointment of counsel. Appellant's Motion for Appointment of Counsel, 4/25/17, at 1. Finally, on June 8, 2017, Appellant filed an amended writ of errors *coram nobis*. Appellant's Amended Writ of Errors *Coram Nobis*, 6/8/17, at *1-4 (un-paginated). In his amended writ, Appellant asked the Post Conviction Relief Act (PCRA) court[2] to vacate his judgments of sentence dated January 28, 1999,[3] February 25, 2003,[4] and October 5, 2006[5] because his counsel

_____

stolen property. Appellant was sentenced to 11 1/2 to 23 months incarceration. The other charges were withdrawn.

[2] We are referring to the court as a PCRA court because, as discussed, Appellant's writ of errors *coram nobis* should have been treated as a PCRA petition.

[3] On January 28, 1999, Appellant pled guilty and was sentenced to 11-23 months of incarceration for PWID (cocaine) (35 P.S. §780-113(a)(30)).

[4] On February 25, 2003, Appellant entered a plea of *nolo contendere* and was sentenced to 18-36 months of incarceration for possession of a controlled substance (35 Pa.C.S.A. § 780-113(a)(16)) and PWID (cocaine) (35 P.S. §780-113(a)(30)).

[5] Appellant's June 8, 2017 amended writ of errors *coram nobis* asked the PCRA court to vacate a judgment of sentence for PWID entered on October 5, 2006. Appellant's Amended Writ of Errors *Coram Nobis*, 6/8/17, at *1 (un-paginated). As explained in footnote one, however, in October 2006 Appellant entered into a negotiated plea deal and was sentenced for the

failed to inform him that his convictions could be used in future cases to enhance his criminal record score. *Id*. As such, Appellant claimed, essentially, that counsel's ineffectiveness caused him to enter unknowing and unintelligent, and therefore, invalid pleas. *Id*. On July 24, 2017, the PCRA court denied Appellant's amended writ together with his motion for appointment of counsel. PCRA Court Order, 7/24/17, at 1.

Appellant did not file a notice of appeal. Instead, on August 25, 2017, Appellant filed a motion for reconsideration, requesting that the PCRA court reconsider his "[p]etition for writ of error *coram nobis*." Appellant's Motion for Reconsideration, 8/25/17, at 1. The PCRA court, however, did not respond to Appellant's motion until March 11, 2019, when it denied reconsideration. PCRA Court Order, 3/11/19, at 1. Appellant then filed a notice of appeal on March 25, 2019, challenging the denial of reconsideration.

Preliminarily, we note that Appellant's writ of error *coram nobis* should have been treated as a PCRA petition because his claim was "cognizable under the PCRA" and the "PCRA is the only method of obtaining collateral review." ***Commonwealth v. Descardes***, 136 A.3d 493, 503 (Pa. 2016) (petition for writ of error *coram nobis* treated as a PCRA petition where claims asserted were cognizable under the PCRA); ***see also*** 42 Pa.C.S.A § 9543(a)(2)(ii)

_____

following charges: persons not to own or possess a firearm, possession of a controlled substance, and receiving stolen property. As part of his negotiated plea deal, the Commonwealth withdrew the PWID charge. Therefore, Appellant's assertion as phrased in his June 8, 2017 submission is erroneous.

(recognizing ineffective assistance of counsel as grounds for collateral relief under the PCRA). Accordingly, we "review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free from legal error." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Before reaching the merits of Appellant's claims, we must address the timeliness of this appeal. The timeliness of an appeal concerns our appellate jurisdiction, which we may raise *sua sponte.* **Commonwealth v. Andre**, 17 A.3d 951, 957–958 (Pa. Super. 2011). To lodge a timely appeal from a final order, "the notice . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Pursuant to Pa.R.A.P. 1701(b)(3), the time for filing an appeal may be tolled if the court enters an order "expressly grant[ing] reconsideration" within the 30-day period. **Id.** Simply filing a motion for reconsideration, however, "does not toll the 30-day period for a PCRA dismissal." **Commonwealth v. Collins**, 2019 WL 3205786, at *1 (Pa. Super. July 16, 2019) (unpublished memorandum); **see also Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000).

Herein, the PCRA court denied Appellant's PCRA petition on July 24, 2017, and on August 25, 2017, Appellant filed a motion for reconsideration. The court, however, never expressly granted Appellant's motion. As such, the 30-day appeal period was not tolled and Appellant needed to file his notice of appeal by August 23, 2017. Appellant filed his notice of appeal on March 25, 2019, 609 days after entry of the July 24, 2017 order and 579 days after the

time for filing a notice of appeal passed. We therefore lack jurisdiction and cannot address the merits of Appellant's claims.[6] Accordingly, we quash.

Appeal quashed.[7]

_____

[6] As a first-time PCRA petitioner, Appellant would be entitled to the appointment of counsel. **See Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (explaining that "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."). This is true even if the petition appears facially untimely. **Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003). However, while it is our practice to remand collateral matters when a first-time petitioner's right to counsel has been improperly denied, we are unable to do so here because there is no timely appeal over which we may exercise jurisdiction.

[7] We also note that, upon review, it appears that three separate photocopies of Appellant's notice of appeal, each listing all three docket numbers, were entered on the PCRA court's dockets. This renders Appellant's appeal subject to quashal under **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019) (reading **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) as to mandate quashal unless a notice of appeal contains only one trial court docket number). This issue is currently under *en banc* review. **See Commonwealth v. Johnson**, 1620, 2045, 2046, 2047 EDA 2018, concerning the proper application of **Walker**, in light of **Creese**. Because Appellant's notice of appeal is untimely, however, we need not stay the disposition of the current appeal until **Johnson**'s resolution.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/28/2020