J-S24015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL RIVERA | : | |
| | : | |
| Appellant | : | No. 1620 MDA 2022 |

Appeal from the PCRA Order Entered October 18, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000972-2001

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED:  OCTOBER 5, 2023**

Appellant, Michael Rivera, appeals *pro se* from the October 18, 2022 order denying as untimely his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  The PCRA court concluded that Appellant failed to establish an exception to the statutory time-bar.  We affirm.

The Commonwealth charged Appellant with, *inter alia*, murder, alleging that Appellant, using a stolen gun, shot and killed the victim in an alley. Appellant entered a negotiated guilty plea on December 6, 2001, to one count of homicide in the third degree, carrying a firearm without a license, possessing an instrument of crime, and receiving stolen property.  The parties agreed to an aggregate sentence of 30 to 60 years of incarceration, and the

_____

[*] Former Justice specially assigned to the Superior Court.

trial court ordered a pre-sentence report before agreeing to accept the term. On December 14, 2001, the court imposed the agreed-upon sentence, and also imposed a $1,300 fine, which was not specified in the plea agreement.

Appellant did not file a direct appeal. In January of 2002, Appellant filed his first PCRA petition, alleging that plea counsel informed him that the negotiated sentence called for an aggregate sentence of 20 to 40 years of incarceration. Appointed counsel filed a **Turner/Finley** "no merit" letter,[1] and the PCRA court ultimately granted her petition to withdraw and dismissed Appellant's petition. Appellant appealed to this Court, but we dismissed due to Appellant's failure to file a brief. Order at 1065 MDA 2002, 3/21/03.

Appellant has since filed at least three more PCRA petitions.[2] Appellant filed a second PCRA petition on or about October 6, 2003, alleging that his sentence was illegal due to the imposition of the fine, as well as costs and restitution. The PCRA court denied the petition and, in its subsequent Pa.R.A.P. 1925(a) opinion, it determined that Appellant waived his appellate claims for failing to file a concise statement as directed. On appeal, we affirmed, noting in the alternative that Appellant's PCRA petition was untimely

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In addition to the petitions discussed *infra*, Appellant filed two other motions that should have been treated as PCRA petitions. On July 19, 2007, Appellant filed a motion for reconsideration of his sentence, which the court struck on October 17, 2007. On September 13, 2011, Appellant filed another motion for modification of sentence, which the court denied but did not treat as a PCRA petition.

and that he failed to plead and prove any exception to the time-bar. **Commonwealth v. Rivera**, 864 A.2d 583 (Pa. Super. 2004) (unpublished memorandum).

Appellant filed his third PCRA petition on May 22, 2012, alleging that trial counsel was ineffective for failing to object to the imposition of the fine and for failing to inform Appellant that court costs would be included. He also asserted that the sentence was illegal in any event as fines and costs were not part of his plea bargain. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on the basis that Appellant failed to plead and prove a time-bar exception. The PCRA court subsequently dismissed the petition on June 22, 2012. Appellant appealed, and we again dismissed the appeal due to Appellant's failure to file a brief. Order at 1274 MDA 2012, 2/14/13.

On April 28, 2014, Appellant filed his fourth PCRA petition, styled as a petition for a writ of *habeas corpus*, raising claims similar to those in his May of 2012 petition. The PCRA court denied the petition on the merits, and on appeal, we concluded that the court should have treated the petition under the PCRA's framework. **Commonwealth v. Rivera**, 118 A.3d 451 (Pa. Super. 2015) (unpublished memorandum)

Appellant, *pro se*, filed the petition at issue here on April 11, 2022. Appellant generically alleged that all his prior attorneys were ineffective for failing to properly present the aforementioned claims. Appellant also asserted that his illegal-sentence claims were reviewable independent of the PCRA as

the illegal nature of his sentence was "obvious on the face of the record," implicating the court's authority to correct the sentence at any point in time. *See Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa. 2007) (discussing the "time-honored inherent power of courts" to correct patent errors). As to the claims not implicating the legality of his sentence, Appellant argued that our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), which held that PCRA petitioners are not required to raise a challenge to PCRA counsel's ineffectiveness in a response to a Rule 907 notice of intent to dismiss, qualified as an exception to the PCRA's time-bar. The PCRA court issued a notice of intent to dismiss citing cases holding that *Bradley* does not authorize the filing of an untimely PCRA petition. The PCRA court subsequently dismissed the petition on October 18, 2022.

On November 10, 2022, Appellant filed a *pro se* notice of appeal and attached a concise statement of matters complained of on appeal, listing six points of error. The PCRA court issued an order on November 29, 2022, directing Appellant to file a concise statement, specifying that issues "not properly included in the Statement … shall be deemed waived." Order, 12/1/22 (single page). Appellant did not file a duplicate or amended concise statement. In its Pa.R.A.P. 1925(a) opinion, the court concluded that Appellant "failed to preserve any matters for appellate review pursuant to Rule 1925(b)." PCRA Court Opinion, 1/13/23, at unnumbered 2. The Commonwealth agrees that Appellant has failed to preserve any issues for

review, and, alternatively, that Appellant's petition is untimely and that he failed to plead and prove an exception.

We decline to find that Appellant has waived all issues for failing to comply with the PCRA court's November 29, 2022, order. The PCRA court's opinion does not mention Appellant's joint notice of appeal and attached concise statement. The purpose of a Rule 1925(b) statement is "to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998). By attaching a concise statement to the notice of appeal, Appellant indicated which points of error he intended to raise. Thus, this is not a case where the "failure to comply with the court's order to file a Rule 1925(b) statement compelled the court to speculate which of those claims [the appellant] would maintain on appeal." *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002). While it would have been preferable for Appellant to comply with the order by filing a duplicate copy, we decline to find that Appellant waived all claims in the absence of authority directly addressing this scenario. As stated in *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*), "it is the trial court's order that triggers an appellant's obligation" in determining whether an appellant has waived his appellate issues based on non-compliance with Rule 1925. The trial court order merely stated that issues "not properly included" in the concise statement would be waived. Neither the Commonwealth nor the trial court cited a case holding that an anticipatory concise statement does not serve the

"notice" function of Rule 1925. We will assume, for purposes of our disposition, that Appellant preserved his issues by including them in the anticipatory filing.

We now address Appellant's issues, all of which concern the merits of his underlying PCRA claims. We agree with the Commonwealth that Appellant failed to establish that his petition met an exception to the time-bar, which precludes discussion of the merits. The PCRA states that all petitions must be filed within one year of the judgment of sentence becoming final, and "the timeliness requirements of the PCRA leave a court without jurisdiction to consider the merits of an untimely petition[.]" **Commonwealth v. Smith**, 818 A.2d 494, 499 (Pa. 2003). The PCRA codifies three statutory exceptions to this requirement:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's brief does not specifically discuss the three possible time-bar exceptions. He does not cite any interference by government officials pursuant to (i). As to (ii), in **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023), we rejected the argument that a PCRA petition filed after **Bradley's** publication represented the first opportunity to raise a claim challenging initial PCRA counsel's ineffectiveness, as the appellant there "was fully aware of those claims of ineffectiveness of PCRA counsel" prior to the decision in **Bradley**. **Commonwealth v. Stahl**, 292 A.3d 1130, 1135 (Pa. Super. 2023). The same point applies here. Moreover, publication of new cases cannot serve as a "fact" that triggers the (ii) exception. **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (holding that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA").

Finally, regarding the new-constitutional-right exception, it does not appear that any reported decision has directly addressed this claim to date. We note that the right to counsel during a timely PCRA proceeding is by legislative grace, as it is rule-based in nature and not required by the United States Constitution. **See generally Pennsylvania v. Finley**, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions … and we

decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). The United States Supreme Court has affirmed that "the Constitution does not guarantee the assistance of counsel at all" in collateral proceedings. *Davila v. Davis*, 582 U.S. 521, 529 (2017). The *Bradley* decision dictated a process by which PCRA petitioners could effectuate their rule-based right to effective assistance of counsel. *Bradley*, 261 A.3d at 397 (explaining that, pre-*Bradley*, "a petitioner was required to raise PCRA counsel's ineffectiveness in response to the PCRA court's Rule 907 notice of intention to dismiss the petition"). However, the statutory language "has been held" in the Section 9545(b)(1)(iii) exception has been interpreted by our Supreme Court to mean that the relevant Supreme Court, in this case the Supreme Court of Pennsylvania, must have recognized the right at the time the petition is filed. *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) ("By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed."). In other words, even if a case decides a new constitutional right that must be afforded retroactive status as a matter of constitutional law, the Supreme Court of Pennsylvania must first recognize the retroactivity of the decision per its interpretation of the statutory language. *Commonwealth v. Reid*, 235 A.3d 1124, 1160 (Pa. 2020) ("While *Montgomery [v. Louisiana*, 577 U.S. 190 (2016)] … enshrined *Teague [v. Lane*, 489 U.S. 288 (1989),] as a constitutional command that extends to state post-conviction proceedings, it

in no way alters the **Abdul-Salaam** Court's statutory interpretation of Section 9545(b)(1)(iii).").[3]  Our Supreme Court has not held that **Bradley** qualifies as a case that must be applied retroactively.

The only real support for Appellant's claim that **Bradley** satisfies a time-bar exception is his citation, for its persuasive value, to our unpublished decision in **Commonwealth v. Riley**, 1818 EDA 2020 (Pa. Super. filed Sept. 2, 2022), which Appellant notes states that a claim of PCRA counsel ineffectiveness may be raised under **Bradley** so long as it "'sprang' from the original, timely PCRA petition and did not constitute a second or subsequent petition."  Appellant's Brief at 5.  This is an accurate statement of the law, but

_____

[3] We recognize that the **Reid** decision involved only four Justices of the Supreme Court participating, with the tie broken by a special appointment of three Judges from this Court.  Justice Dougherty's opinion, joined by Justice Mundy, sharply disagreed with Justice Donohue's dissenting opinion, joined by Justice Wecht, on the continued viability of the **Abdul-Salaam** interpretation with respect to cases that would qualify under the retroactivity framework developed in **Teague**.

There is no need to elaborate on the nuances of that doctrine as the **Bradley** decision, which does not involve any federal constitutional right in the first place, would clearly not satisfy either of the two categories of cases recognized by **Teague** as requiring retroactive application.  The decision clearly does not place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" as the **Bradley** case has nothing to do with substantive criminal law.  **Teague**, 489 U.S. at 307.  Nor could it qualify as a "watershed" rule of procedure as the High Court has since declared that no ruling will ever qualify under that exception.  **Edwards v. Vannoy**, 141 S.Ct. 1547, 1560-61 (2021) ("The watershed exception is moribund.  … [N]o stare decisis values would be served by continuing to indulge the fiction that **Teague's** purported watershed exception endures.").

Appellant does not address the fact that his petition was not timely under the PCRA. **Bradley** applies to claims raised on appeal from the denial of a timely PCRA, but as we have explained, the case does not qualify as an exception to the time-bar. Because the instant petition is facially untimely, **Riley** is of no help to Appellant.

Alternatively, Appellant argues that his illegal-sentence claim, *i.e.*, that the portion of his sentence imposing a fine must be vacated as it was not specified in the original plea agreement, may be examined outside of the PCRA as the sentencing order reveals a patent error. In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), we held that a claim that a sentence is patently illegal is still subject to the PCRA and its time requirements. **Id.** at 521 ("[**Holmes**, **supra**,] recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction[;] … it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA."). Our Supreme Court has granted allowance of appeal to determine whether **Jackson** was correctly decided. **Commonwealth v. McGee**, 276 A.3d 701 (Pa. 2022) (granting allowance of appeal to determine whether **Jackson** should be overruled). Thus, even accepting *arguendo* that Appellant's illegal sentence claim implicates the

- 10 -

legality of his sentence, **Jackson** remains good law.[4]  The PCRA court therefore did not err in dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  10/05/2023

---

[4]  The fact that Appellant relies on the transcript of the guilty plea to establish that the parties did not include a fine undermines the claim that the error is patent.  **Holmes**, 933 A.2d at 66 ("Holmes's sentencing order … contained a patent mistake, a fact apparent from a review of the docket without resort to third-party information.").