J-S01026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NATHANIEL JAMES PHILLIPS :
:
Appellant : No. 1176 MDA 2024

Appeal from the PCRA Order Entered July 24, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001826-2021

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED MAY 23, 2025**

Appellant, Nathaniel James Phillips, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On March 31, 2022, Appellant entered a guilty plea to persons not to possess firearms. On July 7, 2022, the court sentenced Appellant to 52 to 104 months' imprisonment. Appellant did not file post-sentence motion or a direct appeal.

Appellant unsuccessfully litigated a timely, first PCRA petition. On March 5, 2024, Appellant filed the instant, serial *pro se* PCRA petition, arguing that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

his firearms conviction was unconstitutional in light of ***New York State Rifle & Pistol Association, Inc. v. Bruen***, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022) (rejecting use of means-end scrutiny in Second Amendment context and instead holding that, when Second Amendment's plain text covers individual's conduct, Constitution presumptively protects that conduct, and government must then justify regulation by demonstrating that it is consistent with Nation's historical tradition of firearm regulation).

On May 8, 2024, Appellant requested the appointment of counsel. On June 21, 2024, the court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that Appellant's PCRA petition would be dismissed without a hearing. Appellant filed a *pro se* response on July 11, 2024, and the court formally dismissed the petition on July 24, 2024.

On August 19, 2024, Appellant timely filed a *pro se* notice of appeal. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant did not file one.

On appeal, Appellant raises the following issues for our review:

> Did the PCRA court commit error or abuse its discretion when it denied Appellant's PCRA petition as untimely?
>
> Did the PCRA court commit error or abuse its discretion when it denied Appellant's motion for leave to amend the PCRA petition?
>
> Did the PCRA court commit error or abuse its discretion when it denied Appellant's motion for appointment of counsel?
>
> Is ***Bruen***, by application of already existing law, directly

applicable to Appellant?

Is ***Bruen***, by application of already existing law, retroactively applicable to Appellant?

(Appellant's Brief at 2).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When the claim is predicated on a judicial decision, the period begins to run upon the date of the underlying judicial decision. *Commonwealth v. Boyd*, 923 A.2d 513, 516 (Pa.Super. 2007).

Instantly, Appellant's judgment of sentence became final on August 8, 2022, upon expiration of his time to file a direct appeal.[2] *See* Pa.R.A.P. 903. *See also* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until August 8, 2023 to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant petition on March 5, 2024, which is patently untimely. Appellant now attempts to assert the newly-recognized constitutional right exception to the PCRA time bar. The Pennsylvania Supreme Court has explained this exception has two requirements:

First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in [S]ection [9545]. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held"

---

[2] The thirty-day period expired on August 6, 2022, a Saturday. "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908.

by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already **held the new constitutional right to be retroactive to cases on collateral review**. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 642 Pa. 717, 724, 171 A.3d 675, 679 (2017) (emphasis added and citation omitted).

Here, Appellant failed to file his PCRA petition within one year of the date that it could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). *Bruen* was decided on June 23, 2022; Appellant did not file his current PCRA petition until March 5, 2024, more than one year later. *See Bruen, supra*. *See also Boyd, supra*. Additionally, neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that *Bruen* applies retroactively to cases on collateral review. *See, e.g., Commonwealth v. Jordan*, No. 1228 MDA 2024 (Pa.Super. filed Mar. 21, 2025) (unpublished memorandum); *Commonwealth v. Reed*, Nos. 12 EDA 2024, 1709 EDA 2024, 1710 EDA 2024 (Pa.Super. flied Dec. 5, 2024) (unpublished memorandum) (concluding *Bruen* has not been held to apply retroactively for purposes of PCRA's time-bar analysis). *See also* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value). Consequently, Appellant's PCRA petition remains time-

barred.[3]  Accordingly, we affirm.

Order affirmed.

_____

[3] Although Appellant claims the court should have permitted him an opportunity to amend his PCRA petition to prove a time-bar exception, Appellant has not set forth any other time-bar exception that would render his current PCRA petition timely.  Further, any amendment based on the same new constitutional right claim would fail, as we have already explained that **Bruen** does not satisfy the proffered exception to the time-bar.

Additionally, we note that the record does not indicate that the court ruled on Appellant's request for the appointment of counsel.  Nevertheless, Appellant was not entitled to counsel for this serial PCRA petition.  ***See, e.g., Commonwealth v. Smith***, 572 Pa. 572, 582, 818 A.2d 494, 499 (2003) (stating indigent petitioner who files his **first** PCRA petition is entitled to appointed counsel to represent him during determination of whether any of exceptions to one-year time limitation apply).  We further reject Appellant's attempts to frame this argument as governmental interference: it is not governmental interference to refuse something Appellant had no entitlement to receive.  ***See id.***

Further, Appellant's reliance on ***Commonwealth v. Alford***, 352 MAL 2023 (Pa. filed December 20, 2023) (*per curiam* order) is misplaced.  That case involved a direct appeal from a judgment of sentence.  ***See Commonwealth v. Alford***, 2416 EDA 2021 (Pa.Super. filed Dec. 15, 2022), *appeal granted,* 352 MAL 2023 (Pa. filed December 20, 2023).  Following this Court's affirmance of the judgment of sentence, the Supreme Court issued a *per curiam* order vacating this Court's decision and remanding for this Court to reconsider its ruling in light of **Bruen**.  Thus, **Alford** did not involve the new constitutional right exception for purposes of a PCRA timeliness analysis, and it does not entitle Appellant to relief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/23/2025